## TOLEDO, ST. LOUIS & WESTERN RAILROAD COMPANY *v.* LONG.

[No. 20,577.  Filèd November 26, 1907.]

CONSTITUTIONAL LAW.—*Corporations.*—*Partnerships.*—*Wages.*—*Payment of.*—*Class Legislation.*—Sections one and two of the act of 1885 (Acts 1885, p. 36, §§7056, 7057 Burns 1901), providing that "every company, corporation or association  *  *  *  be required to make full settlement with, and full payment in money to its employes, engaged in manual or mechanical labor  *  *  *  at least once in every calendar month," and if not so paid "said company, corporation or association shall be liable to a penalty," are in violation of the 14th amendment of the Constitution of the United States, since they impose no burden upon individuals engaged in the same business under similar circumstances. *Bedford Quarries Co.* v. *Bough*, 168 Ind. 671, followed.

From Clinton Circuit Court; *Joseph Claybaugh*, Judge.

Action by Charles J. Long against the Toledo, St. Louis & Western Railroad Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Guenther & Clark, Clarence Brown* and *Charles A. Schmettau*, for appellant.

*Asa H. Boulden* and *Henry H. Spaan*, for appellee.

MONKS, C. J.—This action was brought by appellee, an employe of appellant, for the recovery of wages for manual labor, also to recover penalties and attorneys' fees under §§7056, 7057 Burns 1901; Acts 1885, p. 36, §§1, 2.  An answer and counterclaim were filed by appellant.  A trial of said cause by jury resulted in a verdict in favor of appellee for the wages, penalties and .attorneys' fees, and over a motion for a new trial judgment was rendered thereon against appellant.

Several of the causes for a new trial call in question the right of the appellee to recover said penalty and attorneys' fees under said sections of the statute.

It is insisted by appellant that §§7056, 7057, *supra*, are

in violation of the 14th amendment of the Constitution of the United States, citing, among other authorities, the following: *South, etc., R. Co.* v. *Morris* (1880), 65 Ala. 193; *Chicago, etc., R. Co.* v. *Moss & Co.* (1882), 60 Miss. 641; *San Antonio, etc., R. Co.* v. *Wilson* (1892), 4 Tex. App. Civ. Cas. 565-576, 19 S. W. 910, 50 Am. & Eng. R. Cas. 513; *Gulf, etc., R. Co.* v. *Ellis* (1897), 165 U. S. 150, 41 L. Ed. 666, 17 Sup. Ct. 255, 6 Am. & Eng. R. Cas. (N. S.) 752; *Davidson* v. *Jennings* (1900), 27 Colo. 187, 60 Pac. 354, 48 L. R. A. 340, 83 Am. St. 49.

Said sections read as follows: Section 7056. "That every company, corporation or association now existing, or hereafter organized and doing business in this State, shall, in the abscence of a written contract to the contrary, be required to make full settlement with, and full payment in money to, its employes, engaged in manual or mechanical labor, for such work and labor done or performed by said employes for such company, corporation or association at least once in every calendar month of the year."

Section 7057. "If any company, corporation or association shall neglect to make such payment, such employe may demand the same of said company, corporation or association, or any agent of said company, corporation or association, upon whom summons might be issued in a suit for such wages, and if said company, corporation or association shall neglect to pay the same for thirty days thereafter, said company, corporation or association shall be liable to a penalty of $1 for each succeeding day, to be collected by such employe in a suit (together with reasonable attorney's fees in said suit) for wages withheld: Provided, that said penalty shall in no instance exceed twice the amount due and withheld."

It will be observed that said sections, so far as they affect employers, only apply to "every company, corporation or association," and, so far as their employes are concerned, only apply to those "engaged in manual or mechanical

labor'' thereby denying the right to such of their employes as are not ''engaged in manual or mechanical labor.'' Employes of an individual, although engaged in manual or mechanical labor, are excluded from the benefit of said sections of the statute. They give to a certain class of employes of companies, corporations and associations the right to recover penalties and attorneys' fees, but deny such right to the same class of employes of an individual engaged in the same business under the same conditions.

They impose new burdens on ''every company, corporation and association'' doing business in the State, while an individual engaged in like business under like circumstances and conditions is left without any such burden. This brings said sections within the rule declared in *Bedford Quarries Co.* v. *Bough* (1907), 168 Ind. 671, and the cases there cited, and upon the authority of said case we hold that they are unconstitutional.

Appellant urges that said sections are unconstitutional for other reasons, but as they are unconstitutional on the ground mentioned the same are not considered.

As said sections do not put railroads in a class by themselves, as does the employers' liability act, we are not required to determine whether such a classification made would render said sections valid as to railroads.

Other questions are argued, but, as they are either not properly presented in the brief or may not arise on another trial, they are not considered. It follows that the lower court erred in overruling appellant's motion for a new trial.

Judgment reversed, with instructions to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion,