## BALTIMORE AND OHIO SOUTHWESTERN RAILROAD COMPANY *v.* BURDALOW.

[No. 8,472. Filed November 24, 1914.]

1. RAILROADS.—*Discharge of Employes.*—*Action for Wages.*—*Recovery of Penalty.*—In an action for wages due a railroad employe, a recovery of a penalty and attorney fees can not be had, since there is no valid statute authorizing such recovery, and the same may not be had at common law.

From Knox Circuit Court; *Orlando H. Cobb,* Judge.

Action by Wright Burdalow against The Baltimore and Ohio Southwestern Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed conditionally.*

*W. R. Gardiner, C. K. Tharp, C. G. Gardiner, W. C. Johnson* and *Edward Barton,* for appellant.

*Samuel W. Williams* and *Charles Unger,* for appellee.

IBACH, J.—Appellee brought this action against appellant to recover $39.50 alleged to be due him for labor, $1 per day penalty for each day from January 15, 1912, the last day on which appellee worked for appellant, to the date of final judgment, and attorney's fees. Judgment was rendered by the court in favor of appellee for $81.75.

The court was in error, in allowing a recovery of $1 a day penalty, and attorney's fees, since there is no valid statute in this State providing for such a recovery, nor is it authorized by the common law. It has been settled that the act of 1911 (Acts 1911 p. 446, §§2683a-2683d Burns 1914), on which the decision was presumably

based, is unconstitutional and void. *Cleveland, etc., R. Co.*
v. *Schuler* (1914), 182 Ind. 57, 105 N. E. 567, 53 L. R. A.
(N. S.) 884. It has been decided that the act of 1885 (Acts
1885 p. 36, §§7981-7983 Burns 1908) is unconstitutional.
*Toledo, etc., R. Co.* v. *Long* (1907), 169 Ind. 316, 82 N. E.
757, 124 Am. St. 226. The act of 1891 (Acts 1891 p. 108,
§7990 Burns 1914) and the act of 1887 (Acts 1887 p. 13,
§7996 Burns 1908) do not apply to railroad companies, since
the titles of these acts refer only to mining and manufactur-
ing employers of labor. It is also settled that the act of
1899 (Acts 1899 p. 193, §7984 Burns 1914) is unconstitu-
tional in so far as it provides for the weekly payment of
wages and imposes a penalty for the violation of that provi-
sion. *Chicago, etc., R. Co.* v. *Ebersole* (1910), 173 Ind. 332,
90 N. E. 608; *Republic Iron, etc., Co.* v. *State* (1903), 160
Ind. 379, 66 N. E. 1005, 62 L. R. A. 136. There are no
other statutes which would even purport to authorize the
recovery of a penalty and attorney's fees in actions such as
the present.

The court should have sustained the motion of appellant
for a new trial, on the ground that the assessment of the
amount of recovery is erroneous, being too large. There
is some evidence tending to show that appellant owed appel-
lee for labor $39.54. The judgment is affirmed as to $39.54,
at appellee's cost, upon condition that appellee will within
thirty days from this date enter upon the judgment docket
of the court below, a remittitur of $42.21, and file the cer-
tificate of the clerk of such court with the clerk of this court
that such remittitur has been so made; otherwise the judg-
ment will be reversed, at cost of appellee, and the cause
remanded for new trial.

Note.—Reported in 106 N. E. 902. As to the validity and effect
of statutes regulating the time of payment of wages, see 21 L. R.
A. 797; 28 L. R. A. 344; 15 L. R. A. (N. S.) 350; 27 L. R. A. (N.
S.) 255; 35 L. R. A. (N. S.) 549; 51 L. R. A. (N. S.) 1097; 9 Ann.
Cas. 238; 13 Ann. Cas. 482. See, also, 26 Cyc. 1065.