STANDARD LIQUORS, INC. v. NARCOWICH.

[No. 18,068. Filed June 8, 1951. Rehearing denied
June 20, 1951. Transfer denied October 31, 1951.]

*Kenneth Call,* of Gary; and *Reed, Murphy & McAtee,* of Chicago, for appellant.

*Jay E. Darlington,* of Hammond, for appellee.

ACHOR, J.—This is an action brought by appellee against appellant for wages claimed to be due and owing appellee for services as a truck driver claimed to have been performed by him in addition to his services as a salesman and for "liquidated damages" in twice the amount claimed, together with attorney fees.

The action is grounded upon Sections 40-101 and 40-102, Burns' 1940 Replacement. The applicable provisions of these statutes are as follows (§ 40-101):

> "Every person, . . . doing business in this state shall pay each employee thereof at least twice each month, if requested, . . . (Acts 1933, ch. 47, § 1, p. 371.)"

(§ 40-102):

> "Every such person, . . . who shall fail to make payment of wages to any such employee, as provided in section one (40-101) of this act, shall, as liquidated damages for such failure, pay to such employee for each day that the amount due to him remains unpaid ten (10) per cent of the amount due to him in addition thereto, not exceeding double the amount of wages due, and . . . a reasonable fee for the plaintiff's attorney or attorneys. (Acts 1933, ch. 47, § 2, p. 371.)"

Accepting the evidence most favorable to the appellee, at the oral request of his employer (appellant), on April 18, 1944 he began working as a truck driver in addition to his previous regular employment as a salesman.

In November, 1945, appellant and Local No. 142 of the General Drivers, Chauffeurs, Warehousemen and Helpers Union, of which appellee was a member, entered into a contract whereby, among other things, it was agreed as follows:

"ARTICLE 3. The guaranteed weekly wage shall be Sixty ($60.00) Dollars per week. Forty (40) hours shall constitute a week's work, to be completed in Five (5) days. Time and one-half shall be paid for all over Eight (8) hours per day and Forty (40) hours per week, and for all work done on Sundays and Legal holidays or substitutes thereof."

Appellee's employment as a truck driver continued until August, 1946. Thereafter he continued to work for appellant as salesman until May 3, 1949, at which time his employment was terminated. On May 25, 1949, appellee made written demand upon appellant for back wages as a truck driver, claimed to be due and unpaid.

There was a failure of proof on the part of appellee to establish the facts of his employment as a truck driver during the period from April, 1944 to January, 1946. Evidence is lacking both as to the amount of time spent by appellee as a truck driver and the amount of compensation agreed upon for such additional services during that period. However, the jury had reason to hold that the contract between the employer and appellee's union constituted the basis of appellee's employment as a truck driver from January until August, 1946. This contract guaranteed a minimum weekly wage of $60.00 per week regardless of the time actually spent in such employment. The jury found that appellant was indebted to appellee for such wages in the sum of $1,800.00. This amount is reasonably consistent with the minimum amount specified in the union contract for the period of appellee's alleged employment thereunder.

The question presented in this case is whether or not judgment in the case was sustained by sufficient evidence and was contrary to law in that it provided

for $3,600.00 liquidated damages and $750.00 attorney's fees.

The right of the court to assess punitive damages and attorney fees is entirely statutory. Statutes which have fixed the time for payment of wages have repeatedly been held unconstitutional as abridging the right of freedom of contract unless such statutes made provision for a "request" or "demand" of payment by the employee. *Chicago, etc., R. Co.* v. *Ebersole* (1910), 173 Ind. 332, 90 N. E. 608; *Toledo, etc., Co.* v. *Long* (1907), 169 Ind. 316, 82 N. E. 757; *Baltimore & O., etc., R. Co.* v. *Burdalow* (1914), 57 Ind. App. 267, 106 N. E. 902; *Smith* v. *Ohio Oil Co.* (1909), 43 Ind. App. 735, 86 N. E. 1027; *Princeton Coal Co.* v. *Dorth* (1922), 191 Ind. 615, 133 N. E. 386, 134 N. E. 275; *Superior Laundry Co.* v. *Rose* (1923), 193 Ind. 138, 137 N. E. 761; *Republic Iron, etc., Co.* v. *State* (1903), 160 Ind. 379, 66 N. E. 1005.

It would therefore seem to necessarily follow that the "request" or "demand" for payment must be directly related to the contract of employment and must be concurrent with, if not prior to, the period of employment involved in order to bring it within the purview of the statute. We therefore conclude that the appellee's written demand for payment, made nearly three years after his employment as a truck driver, was not sufficient to bring him within the punitive provisions of the statute.

It is contended by appellee that the union contract, previously referred to, not only fixed the amount of his weekly wages but that by reasonable inference it also provided for the weekly payment thereof, and that this contract satisfied the statutory provision for a "request."

Appellant, to the contrary, contends that the provision in the contract carries no such inference as to

time of payment and illustrates its point of reasoning that had the contract provided for a guaranteed minimum wage of $1.50 an hour, etc., that no reasonable inference could exist that wages were to be paid hourly. Obviously there is conflict as to whether or not the union contract, relied upon by appellee, did in fact fix the time of payment. Sections 40-101 and 40-102, Burns' 1940 Replacement, *supra*, being in derogation of the common law and providing for punitive damages for the violation thereof, must be strictly construed.

"These sections, being penal and in derogation of the common law, must be strictly construed; and no one can recover thereunder unless he, by averment and proof, brings himself clearly within the terms thereof. *State* v. *Cleveland, etc., R. Co.,* 157 Ind. 288; *Western Union Tel. Co.* v. *Harding,* 103 Ind. 505, 508; *Western Union Tel. Co.* v. *Axtell,* 69 Ind. 199; *Hamilton* v. *Jones,* 125 Ind. 176; *Thornburg* v. *American Strawboard Co.,* 141 Ind. 443, 444, 445, 50 Am. St. 334, and cases cited; *McDonald* v. *Pittsburgh, etc., R. Co.,* 144 Ind. 459, 460, 32 L. R. A. 309, 55 Am. St. 185; *Indianapolis, etc., R. Co.* v. *Keeley,* 23 Ind. 133, 23 Am. & Eng. Ency. Law, 375-378; Endlich, Interp. of Stat., §§ 340, 341, 471; Black, Interp. of Laws, 300.
"In *Western Union Tel. Co.* v. *Harding, supra,* at page 508, this court said: 'In construing a penal statute, it must be remembered that the law will intend nothing in favor of the imposition of a penalty until, upon a strict construction, it appears there has been a clear violation of the statutory obligation for which the penalty is imposed.' " *Chicago, etc., R. Co.* v. *Glover* (1901), 159 Ind. 166, 168, 62 N. E. 11.

We therefore conclude that the union contract is not so clear and unequivocal on the matter of the time of payment of the wages therein provided for, as to bring it within the degree of proof required to support the violation of such statutes and that

therefore the verdict of the jury allowing liquidated damages in the sum of $3,600.00 was not sustained by sufficient evidence and was contrary to law, and that the allowance of $750.00 attorney's fees by the court was likewise contrary to law.

In the event appellee files a remittitur in the sum of $4,350.00 within 30 days from the date hereof, the judgment so remitted is affirmed; otherwise this cause is remanded with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 99 N. E. 2d 268.