FLEX LET CORPORATION *v.* VOGEL.

[No. 19,515. Filed December 4, 1962. Rehearing denied January 3, 1963. Transfer denied April 23, 1963.]

*Sigmund J. Beck, James W. Beatty,* and *Bamberger & Feibleman,* of counsel, all of Indianapolis, for appellant.

*Dulberger & Heeter,* and *Murray E. Dulberger,* of Indianapolis, for appellee.

Ax, J.—Appellee, a sales representative for appellant, a corporation engaged in manufacturing jewelry and selling same at wholesale to retailers, brought an action against appellant in two paragraphs of complaint. The first amended paragraph was for the sum of nine hundred dollars ($900.00), claimed to be owed to appellee as an advancement due against earned commissions, for an accounting of commission due, together with attorney fees and penalties claimed due under Chapter 47 of the 1933 Acts of the General Assembly of the State of Indiana (Burns' Ind. Stat. §40-101, §40-102). The second paragraph of complaint was for the balance of $1050.00 claimed owing by appellant to appellee as a balance due from guaranteed annual gross earnings claimed by appellee, together with penalties and attorney fees claimed under the above referred to statutes.

The case was tried by the court which found generally for appellee, that as to Paragraph I of the complaint, there was due and unpaid to appellee the sum of $1084.31 in commissions, for accounting to appellee for the month of December, 1958, and as to Paragraph II of the complaint, that there was due and owing the sum of $1050.00 in guaranteed earnings for the period from July 1, 1956 through June 30, 1957.

The court further found that appellee was entitled to the sum of $4268.62 as liquidated damages under both paragraphs of complaint, and that $1500.00 was a reasonable attorney fee for appellee's attorney on both paragraphs of complaint. Accordingly, the court entered judgment for the total sum of $7902.93.

The two questions which appellant attempts to present by this appeal are:

(1) Did the court err in overruling the demurrer of appellant to appellee's amended second paragraph of complaint?;

(2) Is a person employed as a sales representative on a regular monthly advance against earned commissions with a guaranteed annual minimum salary entitled to the benefits of §40-101 *et seq.* of Burns' 1960 Indiana Statutes, when the employer refuses to pay earnings due employee when demanded and after employer terminates his employment?

Concerning the first question, appellant demurred on the grounds that the second paragraph of complaint does not state facts sufficient to constitute a cause of action. However, appellant failed to set out in its brief the required memorandum or its substance pointing out wherein the complaint was insufficient. Appellant has therefore failed to properly present this question to this court.

Considering the second question raised, appellant has made no argument that appellee was not entitled to judgment for the specific amounts found by the court to be due and owing to appellee as unpaid commissions and for the balance remaining due him as guaranteed annual earnings. Appellant only argues that appellee has not brought himself under the terms of the statutes providing for liquidated damages

and attorney fees for failure of appellant to pay wages semi-monthly.

The statutes involved in this case are Indiana Annotated Statutes §§40-101, 40-102 (Burns' 1960), the pertinent parts of which read as follows:

> "Every person, firm, corporation . . . whatsoever doing business in this state shall pay each employee thereof at least twice each month, if requested . . . for all wages earned to a date not more than ten (10) days prior to the date of such payment . . . §40-101.

> "Every person, firm, corporation . . . who shall fail to make payment of wages to any such employee, as provided in (§40-101) . . . shall, as liquidated damages for such failure, pay to such employee for each day that the amount due to him remains unpaid ten (10) percent of the amount due to him in addition thereto, not exceeding double the amount of wages due . . . the court shall . . . assess as costs . . . a reasonable fee for the platintiff's attorney or attorneys." §40-102.

A penal statute must be strictly construed and one cannot recover thereunder unless he, by averment and proof, brings himself clearly within the terms thereof. *Standard Liquors, Inc.* v. *Narcowich* (1951), 121 Ind. App. 600, 99 N. E. 2d 268. (See also cases cited therein at page 605.)

The penalty clause (§40-102) applies to any employer who fails to pay wages "as provided in . . . (§40-101)." §40-101 says that every employer "shall pay each employee . . . at least twice each month, if requested."

A review of the evidence indicates a total lack of evidence that either of appellee's claims falls within the terms of the above statutes. There is no evidence that appellee was ever paid on a semi-monthly basis, or that appellee ever made a request that his ad-

vance drawings, his commissions, or his guaranteed annual salary over and above the drawings should be made on a semi-monthly basis.

The term "if requested" appearing in §40-101 is extremely significant. Until it was inserted, the statute was held unconstitutional by the Supreme Court of Indiana on the grounds that it did not leave employers and employees free to bargain for a different method of payment than that provided for in the statute. *Superior Laundry Company* v. *Rose* (1923), 193 Ind. 138, 137 N. E. 761, 26 A. L. R. 1392. The appellee in the instant case chose to exercise that privilege which the Supreme Court indicated he should have, namely the privilege of entering into a contract for payment on a basis different than that provided for under §40-101. Having done so, however, it seems abundantly clear that he is not entitled to the penalties and attorney fees which §40-102 provides for those persons who do bring themselves within the purview of that statute.

It is not sufficient to bring oneself under the protection of §40-101 to make a demand upon one's employer after a disagreement has arisen concerning compensation. The "request" required by §40-101 must be made before such an event and must relate to the manner in which wages earned are to be paid. In *Standard Liquors* v. *Narcowich, supra,* a combination truck driver-salesman sought penalties and attorneys' fees under §§40-101 and 40-102. After pointing out that the "request" provision was placed in the statute to make it constitutional, Judge Achor, speaking for this court, went on to say:

"It would therefore seem to necessarily follow that the 'request' or 'demand' for payment must

be directly related to the contract of employment and must be concurrent with, if not prior to, the period of employment involved in order to bring it within the purview of the statute." p. 604.

This court also pointed out with respect to §§40-101 and 102, at p. 605, that:

"These sections, being penal and in derogation of the common law, must be strictly construed; and no one can recover under ... unless he, by averment or proof, brings himself clearly within its terms."

In the *Standard Liquors* case, *supra,* the demand was made after a dispute had arisen with respect to payment, and the court denied the plaintiff penalties and attorneys' fees.

In the instant case there has been no averment and certainly no proof to indicate that a "request" was ever made by appellee that he be paid according to terms similar to terms provided for by §40-101. He made no request prior to, concurrent with or subsequent to a period of employment that he be paid in this manner.

§40-102 only authorizes penalties and attorneys' fees for wage earners who have "requested" payment on a semi-monthly basis and have not been so paid. Appellee's cause of action in his first paragraph is for a $900.00 advance which he and appellant had agreed would be paid monthly. Appellee's second cause of action is for a sum based purely on a contract. In neither case is the manner of payment even remotely similar to that provided for in §40-101.

We conclude therefore that that part of the judgment of the court allowing liquidated damages in

the sum of $4268.62 is not sustained by sufficient evidence and is contrary to law. Consequently the judgment allowing $1500.00 attorney fees is likewise contrary to law.

In the event appellee files a remittitur in the sum of $5768.62 within thirty (30) days from the date hereof, the judgment so remitted is affirmed; otherwise this cause is remanded with instructions to sustain appellant's motion for a new trial.

Cooper, C. J., Myers, J., concur.

Ryan, J., not participating.

Note.—Reported in 186 N. E. 2d 696.