PALMER *v.* STOCKBERGER ET AL.

[No. 19,852. Filed October 30, 1963.]

*Kizer & Neu* and *Richard F. Joyce,* both of Plymouth, for appellant.

*Stevens & Wampler* and *Donald K. Travis,* both of Plymouth, for appellees.

HUNTER, J.—This is an appeal from a judgment on a suit for payment of wages brought by the appellee Kenneth Stockberger against the appellant Charles Palmer and appellee William Hepler pursuant to the provisions of §§40-101 and 40-102, Burns' 1952 Replacement. In-

cluded therein was a claim for legitimate expenses incurred as a result of his employment. The issues were formed by the plaintiff's (appellee Stockberger) complaint and the defendants' (appellant Palmer and appellee Hepler) answers in denial and affirmance, respectively.

The cause was tried to the court without the intervention of a jury resulting in a finding and judgment for the appellee Stockberger against the appellant Palmer. There was no finding nor judgment in respect to appellee Hepler. The finding and judgment of the court pursuant to the pertinent sections of the statute were as follows:

"November 13, 1961—The court, having had this matter under advisement, now finds for the plaintiff, Kenneth Stockberger, and against the defendant, Charles Palmer, in the sum of $1097.00, including unpaid wages $351.50, unpaid expenses $150.00, liquidated damages $351.50, and attorney fees $244.00.

IT IS THEREFORE CONSIDERED AND ADJUDGED by the court that the plaintiff have and recover of and from the defendant, Charles Palmer, the sum of $1097.00, together with the costs of this action taxed at $_____."

The appellant assigns as error that the trial court erred in overruling his motion for a new trial. The appellant's motion for a new trial presents three specifications of error, they are:

(1) The decision of the trial court is not sustained by sufficient evidence.

(2) The decision of the trial court is contrary to law.

(3) The trial court erred in excluding a certain exhibit tendered by defendant, (appellant here).

The pertinent portions of §§40-101 and 40-102, Burns' 1952 Replacement, *supra*, are set forth respectively, as follows:

> "Every person, . . . whatsoever doing business in this state shall pay each employee . . . at least twice each month, *if requested, between the first and tenth* . . ." (our emphasis)

> "Every such person, . . . who shall fail to make payment of wages to any such employee, as provided in section one (§40-101) . . . shall, as liquidated damages for such failure, pay to such employee for each day that the amount due to him remains unpaid ten (10) per cent of the amount due to him in addition thereto, not exceeding double the amount of wages due, . . . the court shall tax and assess as costs in said case a reasonable fee for the plaintiff's attorney or attorneys."

It will be readily noted from an examination of the court's findings and judgment that an award was made for punitive damages and attorney fees.

The alleged error of law set forth in specification #3 of the motion for a new trial is deemed to be waived by the appellant by not presenting a cogent argument or any citation of authorities as required by Supreme Court Rules 2-17 (e) and 2-17 (f). *Wright* v. *State* (1958), 237 Ind. 593, 147 N. E. 2d 551.

Reviewing and accepting the evidence most favorable to the appellee Stockberger we find the record indicates such facts to be as follows: on January 9, 1957 the appellant and the appellee entered into an employment agreement under which the appellee was to perform concrete work and cement block laying at a job site in Eaton Rapids, Michigan for which the appellant agreed to pay the appellee Stockberger the sum of $3.00 per hour plus legitimate expenses; that the appellee's legitimate and reasonable expenses were approximately

$150.00; that the appellee worked a total of 292 1/2 hours on the job from January 10, 1957 to and including February 22, 1957; that the appellee Stockberger from time to time received payments from the appellant Palmer as follows: on January 19—$172.50, January 26—$50.00, February 2—$70.00, February 9—$70.00, February 16—$70.00, February 25—$50.00 and March 9—$50.00 for a total payment of $532.50.

Appellant's major contention is that there was an absence of the employer-employee relationship between the appellant Palmer and the appellee Stockberger and that in fact the appellee Stockberger was a sub-contractor or was the employee of a subcontractor, appellee Hepler.

In the determination of the legal meaning of an employer-employee relationship, we find the essential terms defined as follows:

> EMPLOY—"To engage in one's service; to use as an agent or substitute in transacting business; to commission and intrust with the management of one's affairs; and, when used in respect to a servant or hired laborer, the term is equivalent to hiring, which implies a request and a contract for a compensation, and has but this one meaning when used in the ordinary affairs and business of life." Black's Law Dictionary, Fourth Edition, page 617.

> "To make use of the services of; to give employment to;" it is synonymous with hire and 'is used to emphasize the idea of service to be rendered, hire, of wages to be paid;' the words 'employ' and 'hire' "are often interchangeable . . ." Webster's New International Dictionary, Second Edition Unabridged, page 839.

> EMPLOYEE—"One who works for an employer; a person working for salary or wages; applied to anyone so working, but usually only to . . ., workmen, laborers, etc., . . . Generally, when person for whom services are performed has *right to*

*control and direct individual*[1] who performs
services not only as to result to be accomplished by
work but also as to details and means by which
result is accomplished, individual subject to direc-
tion is an 'employee' . . . 'employee' must be dis-
tinguished from 'independent contractor,' . . .and
whether one is an employee or not within a partic-
ular statute will depend upon facts and circum-
stances." Black's Law Dictionary, Fourth Edition,
pages 617, 618. (our emphasis)

EMPLOYER—"One who employs the services of
others; one for whom employees work and who pays
their wages or salaries. The correlative of 'em-
ployee.' " Black's Law Dictionary, Fourth Edition,
page 618.

EMPLOYMENT—"The act of hiring . . ., implying
a request and a contract for *compensation.*"
Black's Law Dictionary, Fourth Edition, page 618.
(our emphasis)

WAGES—"A compensation given to a hired per-
son for his or her services; the compensation
agreed upon by a master to be paid to a servant,
or any other person hired to do work or business
for him (cases cited) Every form of remunera-
tion payable for . . . personal services, including
salaries, . . . means pay given for labor usually
manual or mechanical . . . that which is pledged or
paid for work or other services; hire; pay. In its
legal sense, the word 'wages', means the price paid
for labor, . . ." Black's Law Dictionary, Fourth Edi-
tion, pages 1750, 1751.

There was substantial evidence from which the court
could have directly found or reasonably inferred the
existence of the following facts: (1) that the appellee
Stockberger had on previous occasions been engaged as
a sub-contractor; (2) that no sub-contract existed here
for the reason that the appellant had already started

---

1. *Van Drake* v. *Thomas* (1942), 110 Ind. App. 586, 38 N. E.
2d 878; *Lazarus* v. *Scherer* (1931), 92 Ind. App. 90, 174 N. E.
293; *Lower Vein Coal Co.* v. *Moore* (1923), 80 Ind. App. 53,
137 N. E. 887.

the job and it only had to be finished; (3) the job site was outside the State of Indiana at Eaton Rapids, Michigan and considerable travel was involved; (4) that there was no written or oral sub-contract entered into between the appellees or either of them and the appellant; (5) the appellant requested both of the appellees to work for him as hereinabove set forth; (6) payment was to be made on an hourly basis and there was no stated price for the entire job; (7) time worked by the appellee Stockberger was turned in to the appellant; (8) that for the convenience of the appellant, i.e., saving him a certain amount of bookkeeping, the appellee Hepler agreed to disburse the wages to the appellee Stockberger; and (9) that the appellant Palmer retained the right of direction and control of the work to be performed by the appellee Stockberger.

A careful review of the evidence and all reasonable inferences to be drawn therefrom reveals that there was evidence of probative value sufficient for the trial court to find the existence of an employer-employee relationship between the parties. Hence, there was also evidence of probative value and reasonable inferences to be drawn therefrom sufficient for the trial court to have negated the existence of a sub-contract.

"It is well settled that an essential characteristic of the employer and employee relation is that the employer retains the right to control and direct the individual performing services, as to both the result and details and the means by which the result is accomplished, such right to control also involving the right to discharge. Accordingly, the right, not the exercise of control, is the determining element, and where the work is not of a character requiring a great deal of supervision, a failure to supervise does not change the relationship of employer and employee." 12 I.L.E., Employment, § 2, p. 9.

"It is not, however, essential that the master's control be in fact exercised, if he in fact has that power of control." 35 Am. Jur., Master and Servant, §539, p. 968. See also *Bradford v. Chism* (1963), 134 Ind. App. 501, 1 Ind. Dec. 21, 186 N. E. 2d 432.

Having determined that the trial court was correct in finding that an employer-employee relationship did exist between the parties hereto, we next turn our attention to the question of whether the appellee Stockberger by averment and proof brought himself clearly within the terms of the statute. Statutes (such as §§40-101 and 40-102, Burns' 1952 Replacement, *supra*) which provide penalties for failure to comply therewith being in derogation of the common law must be strictly construed. *Flex Let Corporation v. Vogel* (1962), 134 Ind. App. 495, 186 N. E. 2d 696; *Standard Liquors v. Narcowich* (1951), 121 Ind. App. 600, 99 N. E. 2d 268; *Thornburg v. The American Strawboard Company* (1895), 141 Ind. 443, 40 N. E. 1062 as reported in 50 Am. St. Rep. 334; *McDonald v. Pittsburgh, Cincinnati, Chicago & St. Louis R'y. Co.* (1896), 144 Ind. 459, 43 N. E. 447 cited in 32 L. R. A. 309 and 55 Am. St. Rep. 185; *State v. Cleveland, etc., R. Co.* (1901), 157 Ind. 288, 61 N. E. 669; *Baltimore, etc., R. Co. v. Burdalow* (1914), 57 Ind. App. 267, 106 N. E. 902. Statutes for payment of wages which have not contained provisions of request or demand have been held to be unconstitutional. *Superior Laundry Co. v. Rose* (1923), 193 Ind. 138, 137 N. E. 761; *Flex Let Corporation v. Vogel, supra; Standard Liquors v. Narcowich, supra; Republic Iron & Steel Co. v. State* (1903), 160 Ind. 379, 66 N. E. 1005; *Toledo, etc., R. Co. v. Long* (1907), 169 Ind. 316, 82 N. E. 757; *Chicago, etc., R. Co. v. Ebersole* (1910), 173

Ind. 332 at p. 333, 90 N. E. 608; *Baltimore, etc., R. Co.* v. *Burdalow, supra,* at pp. 267 and 268.

Further, our Supreme Court has stated:

> "In construing a penal statute, it must be remembered that the law will intend nothing in favor of the imposition of a penalty until, upon a strict construction, it appears there has been a clear violation of the statutory obligation for which the penalty is imposed." *The Western Union Telegraph Company* v. *Harding* (1885), 103 Ind. 505, 3 N.E. 172.

Therefore, it has been held that statutes fixing the time for payment of wages require strict compliance for a request or demand for payment of wages and that such request or demand must be directly related to the contract of employment and must be made prior to or concurrent with the period of employment as to the matter of the time for payment of wages *and not after a wage dispute has arisen. Standard Liquors* v. *Narcowich, supra; Flex Let Corporation* v. *Vogel, supra.* In the *Standard Liquors* v. *Narcowich* case, *supra,* the court construed an article of the union contract between the appellant Standard Liquors and appellee Narcowich which provided among other things as follows: "ARTICLE 3. The guaranteed weekly wage shall be Sixty ($60.00) Dollars per week. Forty (40) hours shall constitute a week's work, to be completed in Five (5) days . . ." and the court in that case held that the union contract did not evidence a request or demand for payment of wages within the purview of the statute, §§40-101 and 40-102, Burns' 1952 Replacement, *supra,* and at page 605 stated that the evidence on the request or demand was "not so clear and unequivocal on the matter of the time of payment of the wages therein provided for, as to bring it within

the degree of proof required to support the violation of such statutes . . ."

The evidence most favorable to the appellee Stockberger relating to the statutory requirement for request or demand for payment of wages is as follows: the appellee Stockberger usually received his payment of wages from the appellee Hepler by checks written and disbursed to him, said checks having been written for that purpose by the appellee Hepler's wife. The appellee testified that on one occasion during the period of his employment, he asked the appellant Palmer for some money and that the appellant Palmer at such time stated to the appellee that he hadn't got his yet and that when he (the appellant Palmer) got his money that he (appellee Stockberger) would. On January 19, 1957, appellee Stockberger asked the appellant Palmer for wages and did receive from the appellant Palmer a check in the amount of $172.50 on the face of which was written the word "advance." And, further, that the appellee finished his work at the job site in Eaton Rapids, Michigan on February 22, 1957.

The appellee in his complaint stated he made a demand on February 25, 1957 for payment of wages due and unpaid and an equal amount in liquidated damages and attorney fees which the appellant refused.

A view of the record of the evidence most favorable to the appellee fails to reveal evidence of probative value or reasonable inferences to be drawn therefrom sufficient to prove the appellee made a demand for specific periodic payments of wages either prior to or concurrent with his employment. It is our opinion that the appellee has failed to bring himself by averment and proof clearly and unequivocally within the terms of the statute as to matter of time for payment of wages. *Standard Liquors* v. *Narco-*

*wich, supra; Flex Let Corporation* v. *Vogel, supra.* We therefore conclude that the award of liquidated damages was not sustained by sufficient evidence, was contrary to law, and that the court's award of attorney fees therefor was contrary to law.

However, on the question of wages due, it is readily apparent from the uncontradicted evidence that a mathematical computation of the total wages earned by the appellee Stockberger due him from the appellant Palmer would be as follows: 292 1/2 hours at $3.00 per hour for a total of $877.50; that a total of the payments made to the appellee Stockberger as aforesaid is in the sum of $532.50 which at the time of trial would have left a balance due for wages only in the sum of $345.00 plus $150.00 reasonable expenses incurred all of which would total $495.00 for services and expenses due Stockberger. Therefore, appellee Stockberger was entitled to judgment for wages and expenses in the amount of $495.00.

Inasmuch as we have concluded that the trial court was in error in awarding liquidated damages and attorney fees as penalties under the statute, the judgment of One Thousand and Ninety-seven ($1,097.00) Dollars to the extent that it is in excess of Four Hundred and Ninety-five ($495.00) Dollars is not sustained by sufficient evidence and is contrary to law.

Therefore, in the event the appellee files a remittitur in the sum of Six Hundred and Two ($602.00) Dollars within thirty (30) days from the date hereof the judgment as so remitted is affirmed; otherwise this cause is remanded with instructions to sustain appellant's motion for new trial and for further proceedings.[2]

---

2. *Flex Let Corporation* v. *Vogel, supra; Standard Liquors* v. *Narcowich, supra.*

Mote, C. J., Kelley and Pfaff, JJ., concur.

NOTE.—Reported in 193 N. E. 2d 384.