Timothy D. SCHWARTZ, Appellant (Plaintiff Below),

v.

John ZENT, Carl Mosher, Deborah Mosher, Appellees (Defendants Below).

No. 3–882A213.

Court of Appeals of Indiana, Third District.

April 26, 1983.

Rehearing Denied June 1, 1983.

Lawrence A. Levy, Fort Wayne, for appellant.

J. Frank Kimbrough, Wilks & Kimbrough, Fort Wayne, for John Zent.

Alan VerPlanck, Barrett, Barrett & McNagny, Fort Wayne, for Carl Mosher and Deborah Mosher.

STATON, Judge.

Timothy Schwartz sued Carl and Deborah Mosher (the landowners) and John Zent (the hunter) for damages resulting from a hunting accident. At the close of Schwartz's evidence, the trial court directed a verdict in favor of the landowners. The trial continued against the hunter, and a judgment was rendered against him for $30,000.00. Before this appeal was taken from the judgment, the hunter paid $30,-000.00 to Schwartz. In this appeal, Schwartz raises two issues:

(1) Whether the trial court erred in its application of a statute which limits liability of landowners for acts of others using their property for recreational purposes; and,

(2) Whether the trial court erred when, upon motion of the landowners, it ordered Schwartz to release his judgment against the hunter and pay to the landowners $500.00, costs, and attorney's fees.

Affirmed in part; reversed in part.

## I.

### Liability of Landowner

The landowners have approximately seven acres of land upon which they gratuitously permitted hunting. On December 1, 1979, the hunter, who had permission to hunt on the seven acres, fired an errant shot which injured Schwartz, who was tending animal traps on neighboring land.

Schwartz sought to recover damages from the landowners and from the hunter, but the trial court directed a verdict in favor of the landowners. On appeal, Schwartz challenges the trial court's interpretation of IC 1976, 14–2–6–3 (Burns Code Ed., 1981 Repl.). That statute reads, in pertinent part:

"Nonliability of landowners.—Any person who goes upon or through the premises including, but not as a limitation, lands, waters and private ways of another with or without permission to hunt, fish, swim, trap, camp, hike, sightsee or for any other purpose, without the payment of monetary consideration, ... is not thereby entitled to any assurance that the premises are safe for such purpose. The owner of such premises does not assume responsibility for nor incur liability for any injury to person or property caused by an act or failure to act of other persons using such premises[.] ... "

Specifically, the question presented is whether this statute protects a landowner from liability where one whom he gratuitously permits to hunt on his land injures a third person. Schwartz urges this Court to construe this statute narrowly and limit its applicability to incidents where the victim, unlike Schwartz, is within the landowner's property when the injury occurs. We decline his invitation.

Before this Court may engage in statutory construction, the statute involved must be ambiguous. Absent such ambiguity, this Court must give effect to the plain meaning of the language employed by the legislature. *Burks v. Bolerjack* (1981), Ind., 427 N.E.2d 887; *Dague v. Piper Aircraft Corp.* (1981), Ind., 418 N.E.2d 207.

■ IC 14–2–6–3 provides a dual protection from liability for landowners who permit their land to be used by others for recreational purposes. The first sentence of the statute relates to injuries caused by the condition of the land, while the second sentence relates to injuries, such as the injury to Schwartz, which are caused by

acts of a recreational user.[1] The language of that second sentence is clear. It provides that the landowner shall not be liable for "any injury to person or property" caused by such recreational user. Our legislature employed the words "any injury"; we presume those words were chosen intentionally. *Burks, supra*, 427 N.E.2d at 890. Under this portion of the statute, the location of Schwartz when he was injured is of no consequence. The trial court correctly determined that this statute protects the Moshers from liability for the injury caused by Zent.

## II.

### Release of Judgment

■ After Schwartz obtained the $30,000.00 judgment against the hunter, they executed an agreement whereby the hunter would pay $30,000.00 to Schwartz in exchange for a covenant not to execute the judgment. The landowners, who had received a directed verdict at trial, demanded pursuant to IC 1976, 32–8–1–2 (Burns Code Ed., 1980 Repl.),[2] that Schwartz release his judgment against the hunter. When Schwartz failed to release the judgment within fifteen days, the landowners filed a "motion for statutory penalty and attorney fees." In granting that motion, the trial judge ordered Schwartz to release the judgment against Zent and to pay $500.00 plus attorney's fees to the landowners.[3] Schwartz appeals from that order, contending that the Moshers have no standing to employ the provisions of IC 32–8–1–2 to penalize him for failing to release his judgment against Zent. We agree.

> "[W]hen a statute creates a cause of action and designates who may sue, none but those designated have the right to institute the suit . . . ."

*Miller's Estate v. St. Joseph County Home* (1949), 119 Ind.App. 437, 87 N.E.2d 886, 887 (citations omitted). IC 32–8–1–2 creates a cause of action and denominates those who may employ its provisions. The statute provides that a monetary penalty, costs, and attorney's fees may be collected in a suit brought by "the mortgagor, or other person, having the right to demand the release of such mortgage, or lien[.] . . ." Thus, only if the landowners qualify as persons having the right to demand the release of the judgment against the hunter, can they file a motion or action under this statute.

The landowners sought to compel Schwartz to release his judgment against the hunter because they intended to then rely on the release as a defense in any further action taken against them by Schwartz. The landowners contend that

---

1. Because these sentences focus on injuries which arise differently, we disagree with Schwartz's contention that the scope of the latter is limited by the scope of the former.

   We further note that Schwartz's reliance upon the section heading, which appears above this statute in the Indiana Code, is misplaced. This section heading is added by the publisher. It is not part of the statute, and therefore, is of little assistance in statutory interpretation.

2. "32–8–1–2. Mortgages and liens—Forfeiture for failure to release.—Any such owner, holder, or custodian, who is a resident of the state of Indiana, and who shall fail, neglect, or refuse, to release, discharge and satisfy of record any such mortgage, mechanic's lien, judgment, or other lien, when the debt or obligation thereby secured, together with the interest thereon, shall have been fully paid, and after fifteen [15] days' written demand by registered or certified mail with return receipt requested has been made to do so, shall forfeit and pay to the mortgagor, or other person, having the right to demand the release of such mortgage, or lien, a sum not to exceed five hundred dollars [$500] for such failure, neglect, or refusal, which sum may be recovered by suit in any court of competent jurisdiction, together with the costs and reasonable attorney's fees, if an attorney has been employed, incurred in the enforcement of such release, discharge, or satisfaction, and such court trying the case, shall in its finding, if it be in favor of the plaintiff, grant a reasonable attorney fee and the costs of such action as a part of the judgment. The court is hereby authorized and empowered to appoint a commissioner, and to authorize and direct such commissioner to release and satisfy such mortgage, mechanic's lien, judgment, or other lien, and the costs incurred in connection therewith shall be taxed as a part of the costs of such action."

   (Burns Code Ed., 1980 Repl.).

3. The trial court later appointed a commissioner to release the judgment.

this interest in the release gives them the right to demand the release. We disagree.

In determining whether the landowners qualify under this statute as persons with a right to demand the release of the judgment against the hunter, we note that, as a penal statute, this provision is in derogation of the common law, and therefore, must be strictly construed. *Palmer v. Stockberger* (1963), 135 Ind.App. 263, 193 N.E.2d 384. Any ambiguity in its provisions must be resolved against the penalty. *Milk Control Bd. v. Pursifull* (1941), 219 Ind. 396, 38 N.E.2d 246; *Dowd v. Sullivan* (1940), 217 Ind. 196, 27 N.E.2d 82. On the other hand, a penal statute should not be construed so narrowly that the clear intention of the legislature is defeated. *Board of Com'rs v. Board of School Com'rs* (1960), 130 Ind.App. 506, 166 N.E.2d 880. Thus, the phrase "or other person, having the right to demand the release of such mortgage, or lien ..." must be construed to exclude the landowners unless such construction would do violence to the clear intent of the legislature.

In order to properly construe IC 32–8–1–2, it should be read in conjunction with IC 1976, 32–8–1–1 (Burns Code Ed., 1980 Repl.), which provides that it is the duty of a lienholder to release his lien when the debt secured thereby is fully paid. The debtor is the primary beneficiary of this duty, since his title in real or personal property is being improperly encumbered by the lien. Therefore, we hold that the remedy which IC 32–8–1–2 provides for the breach of that duty is intended for use by the debtor, or by one who, through the debtor, acquires a similar interest in the release of the lien.

Because the landowners have at most only a collateral interest in the release of the judgment against the hunter, they may not institute an action under IC 32–8–1–2. Therefore, the appointment of a commissioner to release the judgment, and the award of $500.00, costs, and attorney's fees are reversed.

Affirmed in part; reversed in part.

HOFFMAN, P.J., and GARRARD, J., concur.