REED v. CARRIGAN, SHERIFF.

[No. 23,456. Filed December 17, 1920.]

1. CRIMINAL LAW. — Prosecution. — Condonation by Injured Party.—It is the state that is offended by a criminal offense, and no individual, even though he be the complaining witness, has any power to condone the offense or to control the action of

the state in vindicating its dignity by punishing an infraction of its laws.   p. 32.

2.   EXTRADITION.—*Fugitive from Justice.*—*Habeas Corpus.*—In *habeas corpus* for the enlargement of one held under extradition proceedings, that the complaining witness gave his consent and advice to the departure of the accused from the demanding state, is immaterial on the issue of fugitive from justice. p. 34.

From Adams Circuit Court; *David E. Smith,* Judge.

Application by Dallas M. Reed for writ of *habeas corpus* against George Carrigan, Sheriff.   From an order denying the writ, the petitioner appeals.   *Affirmed.*

*Peterson & Moran* and *R. C. Parrish,* for appellant.
*Herbert W. Smith, J. Fred Fruchte* and *Moran & Gillespie,* for appellee.

EWBANK, J.—Appellant brought an action in *habeas corpus* against the appellee, alleging that he was illegally and wrongfully restrained of his liberty by appellee, under an arrest pursuant to a requisition from the Governor of Michigan.   The appellee made his return that he held the appellant in custody under a warrant issued by the Governor of Indiana upon the said requisition from the Governor of Michigan, and that after such arrest the appellant had been taken before the judge of the Adams Circuit Court and identified, and said judge had ordered that appellant be delivered up to appellee, as the agent of the State of Michigan, to be transported to that state, and that appellee had receipted for the body of appellant for that purpose. No question is presented upon this appeal as to the sufficiency of the facts alleged in the petition or the return, nor the sufficiency of the requisition, or of the affidavit charging appellant with a criminal offense, on which the requisition was issued.

Appellant filed an answer to the return made by ap-

pellee, to which a demurrer was sustained for alleged insufficiency of facts, and appellant saved an exception. And the sufficiency or insufficiency of the facts alleged in that answer is the only question before this court.

The answer admitted that at the time charged in the indictment appellant was in the State of Michigan, and there induced the prosecuting witness to give his promissory note for $987, payable to appellant, in exchange for capital stock of the Alfo Products Company, a corporation of Indiana, as was alleged in the affidavit on which the requisition was based. But he alleged that appellant was then a stockholder and agent of said company, with authority to make sales and collections on its behalf, and that the note was taken on behalf of the company, which, it was alleged, had received the proceeds of such note; that said prosecuting witness received and still owns certain stock purchased with the note; that he knew and consented that the company's factory should be established in leased buildings at Decatur, Indiana, and advised the other stockholders to establish the factory there; that the prosecuting witness and many other stockholders who lived in Lapeer county, in the State of Michigan, agreed with appellant that appellant should be the general manager of the company, and that its factory site should be at Decatur, Indiana, and that the appellant should come to Decatur and there assume general management and control of the affairs of said company; that for that purpose and with the advice and consent of the prosecuting witness and of all the other stockholders of said company, the appellant removed himself and family from the city of Detroit, Michigan, to the city of Decatur, Indiana, all of which was done pursuant to the terms of the said contract with the stockholders, including the prosecuting witness; that thereafter, at Decatur, Indiana, at a stockholders' meeting, with the consent and advice of

the prosecuting witness and other stockholders, appellant was elected general manager of said company, and while acting as such, after the note in question had been paid, appellant made a business trip to Michigan at the request of the directors of the company, where he met and consulted with the stockholders resident there, including the prosecuting witness, in relation to the management and best interests of the company; that thereafter appellant was elected president of the board of directors of said company, at a stockholders' meeting held at Decatur, Indiana, at which the prosecuting witness was present and in which he participated as a stockholder; that more than three months after the alleged fraudulent sale, the prosecuting witness purchased and paid for an additional twenty-three shares of the stock of the company, and by representations which he then made to one Colson, that the stock was worth its face value and that the company was in a good financial condition, he induced Colson to, and Colson did purchase ten shares of stock in the company, in reliance on such representations, for which the prosecuting witness received a commission from the company; that since May 1, 1917, the appellant and his family have been residents of Decatur, Indiana, connected with the company and working here at the special instance and request of the prosecuting witness and the other stockholders of the company, and during all of said time the prosecuting witness has known that he was a resident at Decatur, Indiana; that by reason of said facts appellant is not now and never has been a fugitive from justice, etc.

This answer apparently proceeds on the theory that acts of a witness who gave the testimony on which an indictment or affidavit was based can be alleged
1. and proved, as against the State of Michigan, to defeat extradition upon a requisition and war-

rant issued on such indictment or affidavit, and that whatever would estop the prosecuting witness to assert that the accused is a fugitive from justice will likewise estop the State of Michigan. But a criminal offense is not a mere offense against an individual, subject to be condoned by acts of the injured party, but it is an offense against a sovereign state, and no individual, even though he be the complaining witness, has power or authority to control the action of the sovereign in vindicating its dignity by punishing an infraction of its laws. *Matter of Galbreath* (1913), 24 N. D. 582, 139 N. W. 1050; *Leonard* v. *Zweifel* (1915), 171 Iowa 522, 151 N. W. 1054.

The appellant cites and relies upon the case of *In re Tod* (1900), 12 S. D. 386, 81 N. W. 637, 47 L. R. A. 566, 76 Am. St. 616, and certain text-books and digests which cite that case as their sole authority, to the effect that where an accused was shown to have come from the State of Nebraska into South Dakota as the employe and at the special request of the corporation which he was charged with defrauding and upon transportation furnished by such corporation, after the accused had once returned to Nebraska and made a settlement with such corporation, he could not be extradited, because the facts recited negatived the alleged fact that he was a fugitive from justice. But in the South Dakota case the court reversed the judgment appealed from for the reasons that the affidavit on which the requisition issued did not state a public offense, and that the extradition warrant was not really issued by the Governor of South Dakota, as well as upon the ground stated, which would in any case much weaken its authority on the point to which it is cited, even if it were not otherwise opposed both to reason and the great weight of authority.

The only other authority which we have been able to find tending in any degree to sustain appellants' position is the case of In re John J. Patterson, on petition for *habeas corpus,* before Judge Humphreys of the Supreme Court of the District of Columbia, at Chambers, which does not seem to have been officially reported, but is referred to and partially reported in the periodicals, text-books and court reports cited below. In that case the petitioner was a senator from South Carolina, and he alleged that as such senator he had resided in the District of Columbia for more than two years last past, and during the past four years had repeatedly been in South Carolina, without any attempt on the part of the authorities of that state to arrest him. As unofficially reported, the judge said: "The papers in this case show that the State of South Carolina commissioned Patterson as its Senator, and the commission as Senator antedates the requisition. The petitioner was sent to Washington by the people of South Carolina as their Senator. Can he then be said to be a fugitive from justice? * * * A party sent to do a particular act cannot be said to be a fugitive from justice by the authorities that commissioned him whilst his mission is not ended." Washington Post, December 7, 1877; 18 Albany L. J. 190; Spear, Extradition (2d ed.) 384; Moore, Extradition 900; *Leary's Case* (1879), 6 Abb. N. Cas. (N. Y.) 43.

It is not necessary at this time for us to decide, nor even to consider the question whether the right of a sovereign state to demand the return by extradition proceedings of a person accused of crime can be defeated or delayed by plea and proof of the fact that the demanding state itself sent him beyond its borders to the place where he is found, upon a mission not yet fully performed. No such question is before this court. But it is obvious that the case of

*In re John J. Patterson, supra,* is not an authority in support of the proposition that an accused person can escape extradition by showing that the person on whose testimony he was accused or who suffered loss by reason of the alleged crime, was instrumental in sending him beyond the boundaries of the state. The acts of private individuals within a state cannot surrender nor take away the rights and powers of the state. There was no error in sustaining the demurrer to appellant's answer to appellee's return. *Matter of Galbreath, supra; Leonard* v. *Zweifel, supra.*

The judgment is affirmed.