**STATE of Indiana, Appellant,**

v.

**Forest L. DENNY and Roberta Denny (H&W), Appellees.**

**No. 680S188.**

Supreme Court of Indiana.

June 26, 1980.

Theodore L. Sendak, Atty. Gen., John P. Avery, Deputy Atty. Gen., Indianapolis, for appellant.

Norman E. Brennan, Indianapolis, for appellee.

GIVAN, Chief Justice.

The State of Indiana, by the Office of the Attorney General, has filed its "Petition for Transfer" alleging that, in its opinion of this case, the Court of Appeals awarded ten per cent (10%) damages against the State of Indiana pursuant to Appellate Rule 15(G), said alleged error being the only ground asserted for transfer. The Court of Appeals majority opinion does hold that the State of Indiana, appellant, "demonstrated bad faith" and that this "justified assessing damages against the State". There is no brief in opposition to the petition to transfer, nor any contention by any party opposing the granting of the petition for transfer on this ground.

In this case, Chief Judge Buchanan entered a written dissent, pointing out that it had been thirty-five (35) years since the Indiana Supreme Court assessed a penalty on appeal. *Kroeger Laundry & Dry Cleaners, Inc. v. Williams* (1943) 221 Ind. 299, 47 N.E.2d 612; *Bradford Homes, Inc. v. Long*

(1943) 221 Ind. 309, 47 N.E.2d 609. The dissenting opinion of Chief Judge Buchanan further asserts that this Court, on petition for rehearing in *Annee v. State* (1971) 256 Ind. 686, 274 N.E.2d 260, refused to assess the ten per cent (10%) damages and this Court entered an opinion on rehearing which, in part, stated:

> "[Such] damages . . . are discretionary with this Court and we feel they should not be issued without a strong showing of bad faith on the part of the [appellant]. . . ."

It is also noted that under the common law principles, such an award would have been questionable and that the common law in this area has been superseded by Indiana Code § 34–4–16.5–4, which states in part: "A governmental entity is not liable for punitive damages."

It may be contended that this provision is not applicable to this case in that it is a part of the Indiana Tort Claims Act. Nonetheless, the concept of the State not having a state of mind or not being deterred by punitive damages should be the basis for the prohibition of such punitive damages in all cases applicable to the State. Such Act should be considered as a statement of public policy by the legislature that the State is not to be considered as being liable for punitive damages in cases such as this.

This cause is transferred and remanded to the Court of Appeals with directions to delete from its opinion all reference to the imposition of punitive damages in the sum of ten per cent (10%), amounting to one thousand one hundred twenty-two dollars and sixty cents ($1,122.60). Such interpretation of the non-application of AP 15(G) shall control all such cases in which the ten per cent (10%) damages would be payable from State funds but is not to be a prohibition against such damages in any case in which such would be justified where imposed against individuals acting in their individual capacity only.

HUNTER and PIVARNIK, JJ., concur.

DeBRULER and PRENTICE, JJ., concur in result without opinion.