STATE of Indiana, Plaintiff-Appellant,

v.

Cletus ZILIAK and Ernestine Ziliak,
Defendants-Appellees.

No. 1–1083A320.

Court of Appeals of Indiana,
First District.

June 19, 1984.

Rehearing Denied July 30, 1984.

Linley E. Pearson, Atty. Gen., Thomas D. Quigley, David A. Nowak, Deputy Attys. Gen., Indianapolis, for plaintiff-appellant.

Ronald Warrum, Evansville, for defendants-appellees.

RATLIFF, Judge.

## STATEMENT OF THE CASE

The State of Indiana appeals a judgment of the Warrick Superior Court holding it liable for treble damages, attorneys' fees, and costs pursuant to Indiana Code section 34–4–30–1. We reverse and remand.

## FACTS

The facts in this case are stipulated by the parties. Employees of the State on at least two occasions entered upon the lands of the Ziliaks without permission, consent, or authority, and removed certain Indian artifacts found there. For the purposes of this appeal, it is agreed that the acts of the state employees constituted violations of the following criminal statutes: Indiana Code section 35–43–2–2 (criminal trespass), Indiana Code section 35–43–4–2 (theft), and Indiana Code section 35–43–1–2 (criminal mischief).

The state had sought injunctive relief against Ziliaks in order to perform certain archaeological surveys on their land. We upheld the denial of the injunction. *Indiana State Highway Commission v. Ziliak*, (1981) Ind.App., 428 N.E.2d 275, *trans. denied* (1982). Ziliaks then counterclaimed for damages and sought the remedies provided in Ind.Code § 34–4–30–1. Trial by jury resulted in a verdict finding Ziliaks had suffered actual damages of $85.00. Pursuant to an agreement of the parties as to procedure, the trial court then trebled the damages to $255.00, awarded Ziliaks attorneys' fees of $9240.00, and assessed costs against the state, ostensibly pursuant to Ind.Code § 34–4–30–1. For purposes of this appeal, the state concedes the reasonableness of the attorney fee award but disputes its liability therefor.

## ISSUE

The sole issue presented by this appeal simply is whether the State of Indiana may be held liable for treble damages, attorneys' fees, and court costs under Ind.Code § 34–4–30–1. We hold it may not.

## DISCUSSION AND DECISION

At the heart of this controversy is Ind. Code § 34–4–30–1, a statute enacted to provide additional civil remedies to crime victims, which provides:

"Sec. 1. If a person suffers a pecuniary loss as a result of a violation of IC 35–43, he may bring a civil action against the person who caused the loss for:

(1) an amount equal to three (3) times his actual damages;

(2) the costs of the action; and

(3) a reasonable attorney's fee."

■ In order to recover under this statute, it is not necessary that there be a conviction of one of the crimes stated in Ind.Code § 35–43 (the offenses against property sections). *Hyman v. Davies*, (1983) Ind.App., 453 N.E.2d 336; *James v. Brink & Erb, Inc.*, (1983) Ind.App., 452 N.E.2d 414; *American Leasing, Inc. v. Maple*, (1980) Ind.App., 406 N.E.2d 333. Rather, recovery may be had so long as the actions of the perpetrator amounted to a violation of the prescribed Indiana Code sections. *Hyman*. The plaintiff must prove the violation by a preponderance of the evidence. *James*. In other words, although it is not necessary to show a conviction, the party seeking recovery under Ind. Code § 34–4–30–1 must prove commission of the crime.

■ Here, recovery under Ind.Code § 34–4–30–1 was sought not against the individuals who trespassed upon Ziliaks' land and removed the artifacts, rather, Ziliaks sought such recovery from the State of Indiana. Thus, we are faced with the question of whether the state can commit a crime. We hold it cannot.

A criminal offense is an offense against a sovereign state. *Reed v. Carrigan*, (1920) 190 Ind. 29, 129 N.E. 8; 8 I.L.E. *Criminal Law* § 2 (1971); 21 Am.Jur.2d *Criminal Law* § 1 (1981); 22 C.J.S. *Criminal Law* § 1 (1961). "A crime is said to be an offense against the sovereignty, ..." 21 Am.Jur.2d *Criminal Law* § 1 (1981). Because a crime is an offense against the sovereign, it is axiomatic that the sovereign cannot commit a crime.

In reaching the conclusion that the state cannot commit a crime, we are not unaware that Indiana Code section 35–41–1–22 defines "person" as meaning a human being, corporation, partnership, unincorporated association, or *governmental entity*. The state specifically is within the statutory definition of a "governmental entity" in

Indiana Code section 35–41–1–12. Although the criminal statutes in Ind.Code 35–43 all begin with the words "A person who", we nevertheless conclude that the inclusion of a governmental entity in the definition of a person is not sufficient to impose criminal liability on the state. For purposes of the criminal law, the state is a person only as a person who may be a crime victim. This is true not only because the sovereign cannot commit a crime, but also is the logical result of analogizing provisions regarding governmental entities and corporations in the criminal code.

The prior law was well established that a corporation as such could not be prosecuted for a criminal offense except as provided by statute. *State v. Fairbanks*, (1917) 187 Ind. 648, 115 N.E. 769; *State v. Terre Haute Brewing Co.*, (1917) 186 Ind. 248, 115 N.E. 772; *State ex rel. Voyles v. French Lick Springs Hotel Co.*, (1907) 42 Ind.App. 282, 82 N.E. 801. Our criminal code has provided that a corporation, partnership, or unincorporated association may be prosecuted for an offense. Indiana Code section 35–41–2–3. Our legislature has not provided for criminal prosecution of governmental entities.

The state argues that the treble damages, attorneys' fees, and costs provided for in Ind.Code § 34–4–30–1 are in the nature of punitive damages and that punitive damages may not be assessed against the state, citing Indiana Code section 34–4–16.-5–4,[1] and *State v. Denny*, (1980) 273 Ind. 556, 406 N.E.2d 240. In view of our determination that the state cannot commit the criminal acts prerequisite to bringing this case within the terms of Ind.Code § 34–4–30–1, we need not determine this question.

 For the reasons hereinbefore stated, it was error to enter judgment against the state for treble damages, attorneys' fees, and costs.[2] Therefore, we reverse and remand to the trial court with instructions to modify the judgment in accordance with this opinion.

NEAL, P.J., and ROBERTSON, J., concur.

---

1. This statute is part of the Indiana Tort Claims Act, and provides in pertinent part: "A governmental entity is not liable for punitive damages."

2. We observe further that it is contrary to public policy to assess court costs against the state. *State Department of Revenue v. American Motorists' Insurance Company*, (1979) Ind.App., 396 N.E.2d 907. The state is not liable for ordinary court costs. *State v. City of Terre Haute*, (1968) 250 Ind. 613, 238 N.E.2d 459. Taxing of costs against the state without specific statutory authority is contrary to law. *American Motorists'.* See also *State Board of Tax Commissioners v. Warner Press, Inc.*, (1970) 254 Ind. 183, 258 N.E.2d 621; *State Board of Tax Commissioners v. Traylor*, (1967) 141 Ind.App. 324, 228 N.E.2d 46, *trans. denied.*