The CITY OF HAMMOND, a municipal corporation, Appellant (Defendant Below),

v.

Thomas CONLEY, Paul Spain, and William Burgess, on behalf of themselves and all other persons similarly situated, Appellees (Plaintiffs Below).

No. 3–1185A330.

Court of Appeals of Indiana, Third District.

Oct. 6, 1986.

Patrick J. McManama, Hammond, for appellant.

Robert G. Berger, Highland, for appellees.

HOFFMAN, Judge.

Plaintiffs/appellees Thomas Conley, Paul Spain and William Burgess are former employees of defendant/appellant City of Hammond (City). On January 1, 1984, a new administration took office in Hammond. On December 30, 1983, the plaintiffs each received a letter signed by the mayor-elect terminating their employment as of December 31, 1983. The letters further advised: "Claims for payment of vacation should be made to the Office of the City Controller."

In January, 1984, each plaintiff filed a claim for vacation pay with the City Controller. Spain and Burgess each sought three weeks and Conley sought four weeks of vacation benefits. After the City failed to act on the claims, the plaintiffs brought suit against the City in April, 1984. After a hearing to the court, the trial court rendered a judgment with findings of fact and conclusions of law in which it was determined the plaintiffs were each entitled to three weeks vacation with pay and pursuant to IND.CODE § 22–2–12–4 (1982), the court assessed double damages plus costs and attorney's fees against the City. From this decision the City appeals raising, as restated, two issues for review:

(1) whether the trial court's determination that the plaintiffs are entitled to vacation pay is contrary to law; and

(2) whether the trial court erred in finding IND.CODE § 22–2–12–4 applicable to the facts of the case.

The trial court found the following vacation policy to be in effect for City employees and applicable to the plaintiffs:

"VACATIONS

Employees on vacation, during the week within which a paid holiday falls shall receive one (1) extra day vacation with pay.

Any new employee who has completed six (6) or more months of service prior to January 1st of any year is eligible for one (1) week vacation in that calendar year plus an additional week of paid vacation following his first employment anniversary date. Any employee who has completed one (1) year or more of continuous service prior to January 1st of any year is eligible for two (2) weeks of paid vacation in that calendar year. All employees who have completed five (5) years or more of *continuous* service shall receive three (3) weeks vacation with pay.

Vacations will not be allowed to accumulate and must be taken during the current year.

All vacations shall start on Monday." (Original emphasis.)

The trial court also found that the termination letters signed by the mayor-elect could not have been effective until the mayor-elect was sworn into office at 12:00 noon on January 1, 1984. Therefore the termination of the plaintiffs was not effective as of December 31, 1983, but as of noon on January 1, 1984,[1] rendering the plaintiffs employees of the City on January 1, 1984. In conclusion the trial court found that pursuant to the above quoted vacation policy, the plaintiffs each became entitled to three weeks vacation benefits on January 1, 1984, and the City could not avoid paying the earned vacation benefits by terminating the employees prior to the exercise of their vacation rights.

▆ The City argues that the trial court's determination is erroneous in that the City has not enacted an ordinance for the payment of vacation pay or accumulation of same. Therefore, the City asserts, vacation time is taken during the year in which it is earned and may not be carried over to the next year nor paid out at the time of termination of employment. However, when there exists a policy as to vacation benefits, the same is enforceable. *Die & Mold, Inc. v. Western* (1983), Ind.App., 448 N.E.2d 44, 47–48. Therefore interpretation of the vacation policy determines the issue. Here where the trial court had made findings of fact and conclusions of law, this Court will consider only the evidence and reasonable inferences therefrom which support the judgment and will set aside the judgment only if it is shown to be clearly erroneous. *Id.* at 46.

In *Die & Mold, supra,* the nature of vacation benefits was addressed. It was found that vacation with pay is, in effect, additional wages. Vacation benefits are not gratuities but are earned, deferred compensation. The employee earns the benefit during the specified work period. The benefit is then payable at a later time. However, once the employee has performed the services necessary to earn the vacation benefit, the right to the compensation is vested. *Id.* at 46–47.

Contrary to the City's argument, there is nothing in the language of the policy statement which would support the contention that the City's employees take their vacation in the year earned. The employee must meet two requirements to be eligible for vacation with pay: 1) have completed a specified term of continuous employment and 2) be employed on January 1 of any year. Since, as stated above, vacation benefits are compensation for services rendered, and since the policy in question has a determination date of January 1, the vacation benefits being paid as of January 1, must be benefits earned during the previous year. Such an interpretation is in accord with other decisions interpreting similar policy provisions. *See: Rose Acre*

---

**1.** Neither party challenges the result this entails or retroactive effect of the letters of termination and the same is not addressed.

*Farms, Inc. v. Cone* (1986), Ind.App., 492 N.E.2d 61, *trans. pending; In re Wil-Low Cafeterias, Inc.* (2nd Cir., 1940) 111 F.2d 429; *Livestock Feeds, Inc. v. Local Union No. 1634* (1954) 221 Miss. 492, 73 So.2d 128; *Goodall-Sanford v. United Textile Workers* (1st Cir., 1956) 233 F.2d 104; *Smith v. Kingsport Press, Inc.* (6th Cir., 1966) 366 F.2d 416, on rem'd 263 F.Supp. 771.

This interpretation does not create a situation whereby vacation benefits are allowed to accumulate. The vacation benefit is earned in one year, payable after January 1 of the next year. If the benefits are not used in the year payable, they do not carry over to be used in succeeding years. Such would be an accumulation which is specifically prohibited by the policy under scrutiny.

 In this case, there is no accumulation of benefits. The vacation sought by the plaintiffs is that to which they became entitled by being employed on January 1, 1984, after a given number of years of previous continual employment. They sought the vacation earned for services rendered in 1983 and payable in 1984. The plaintiffs fulfilled the criteria for earning vacation benefits and the same became vested. *Die & Mold, supra.* As with other forms of wages, the payment of the earned benefit could not be avoided by termination. *Livestock Feeds, Inc., supra,* 73 So.2d at 132.

Therefore the trial court did not err in finding each plaintiff entitled to an award for vacation benefits and that determination is affirmed.

 The second issue presented is whether IND.CODE § 22–2–12–4 was properly applied to this case to award damages, attorney's fees and costs to the plaintiffs. IND.CODE § 22–2–12–4 provides:

"Sec. 4. (a) This section applies to an employer who has contracted in writing to make payments to an employee welfare plan, vacation plan, health plan, dental plan, insurance plan, supplemental unemployment plan, benefit plan, profit-sharing plan, pension plan, industry plan, or any other employee plan either by agreement with an employee or an employee benefit plan group or by a collective bargaining agreement.

(b) Not later than seven (7) days after failing to make a payment under an agreement covered by subsection (a), the employer shall give written notice of non-payment to:

(1) the employee on whose behalf the payment should have been made;

(2) an authorized representative of such an employee;

(3) an authorized representative of a union that represents such an employee;

(4) the authorized representative of the benefit plan to which the payment should have been made; or

(5) the trustee of the employee to which the payment should have been made.

(c) An injured employee may recover double damages plus costs and attorney fees from an employer who fails to give notice under subsection (b) and who fails to make those payments described in subsection (a) on the employee's behalf. However, an employer is not liable under this section if he shows good cause for his failure to make the payments described in subsection (a) or his failure to give the written notice required in subsection (b). 'Good cause' does not include the employer's financial inability to make the payments described in subsection (a)."

This statutory provision is inapplicable to the fact situation presented here. The threshold requirement of a written contract by the employer to make payments to an employee vacation plan is lacking in this case. The City enacted a vacation policy which is applicable to the City's employees. The City has not contracted to provide payments to a vacation or other benefit plan as addressed in the statute.

The trial court's judgment contains the following finding:

"19. That pursuant to IC22–2–12–4, an employee may recover from an employer

who has contracted in writing to pay, and failed to pay, certain employee benefits, including vacation pay. Said recovery is to be in the amount of double damages plus costs and attorney fees."

Since there is no evidence that the City entered into any contract to make such payments into a plan, the statute is inapplicable and the award of damages, attorney's fees and costs based thereon is reversed.

■ Appellees urge that if this Court finds the damages nonsustainable pursuant to IND.CODE § 22-2-12-4, damages are assessible pursuant to IND.CODE § 22-2-5-2 and the trial court's judgment should be affirmed. Appellees rely on *City of Logansport v. Remley* (1983), Ind.App., 453 N.E.2d 326, to support the proposition that the judgment should be affirmed if it is sustainable on any grounds. Although that is the correct standard as applied to general judgments and *City of Logansport* was decided by a general judgment, the rule does not apply to the present case. Here the trial court made specific findings of fact and conclusions of law. Where the trial court makes specific findings, the judgment must be valid based on those findings in order to be affirmed. *Orkin Exterminating Co., Inc. v. Walters* (1984), Ind.App., 466 N.E.2d 55, *trans. denied.* If the theory on which the trial court made its decision is rejected, the appellate court cannot sustain the determination on other grounds. *In re Est. of Fanning* (1975), 263 Ind. 414, 333 N.E.2d 80, 82. Since the trial court erroneously based its decision to award damages, costs and fees on IND. CODE § 22-2-12-4, the decision cannot be affirmed.

■ In addition, even if IND.CODE § 22-2-5-2 could be considered a basis for sustaining the judgment, that code section is inapplicable to the present case. IND. CODE § 22-2-5-2, as in effect at the time of the cause of action, provided:

"Sec. 2. Every such person, firm, corporation or association who shall fail to make payment of wages to any such employee, as provided in section one of the act,[1] shall, as liquidated damages for such failure, pay to such employee for each day that the amount due to him remains unpaid ten per cent (10%) of the amount due to him in addition thereto, not exceeding double the amount of wages due, and said damages may be recovered in any court having jurisdiction of a suit to recover the amount due to such employee, and in any suit so brought to recover said wages, or the liquidated damages for nonpayment thereof, or both, the court shall tax and assess as costs in said case a reasonable fee for the plaintiff's attorney or attorneys.

1. Section 22-2-5-1."

IND.CODE § 22-2-5-1 referred to in the above code section provides in pertinent part:

"Sec. 1. Every person, firm, corporation or association, their trustees, lessees or receivers appointed by any court whatsoever doing business in this state shall pay each employee thereof at least semimonthly or bi-weekly, if requested, the amount due such employee and such payment shall be made in the lawful money of the United States or by negotiable check, draft or money order and any contract to the contrary shall be void. Such payment shall be made for all wages earned to a date not more than ten (10) days prior to the date of such payment: Provided, That nothing herein shall be taken to prevent payments being made at shorter intervals than herein specified nor to repeal any law providing such payments[.]"

It is established that application of these provisions requires a request for payment, made prior to or concurrent with the employment. *Palmer v. Stockberger* (1963), 135 Ind.App. 263, 193 N.E.2d 384, 388-389. As in *Palmer*, the plaintiffs herein have failed to place themselves within the requirements of the statute by the showing of a timely request. The plaintiffs were terminated by notices effective at noon on January 1, 1984. Their requests for payment of vacation benefits-wages were made on January 10, January 11, and at an

unspecified date in January. Since this statute is penal and in derogation of the common law, it must be strictly construed. One cannot therefore recover pursuant to such a statute unless he brings himself clearly within the ambit of the provision. *Standard Liquors v. Narcowich* (1951), 121 Ind.App. 600, 99 N.E.2d 268, *trans. denied.* The plaintiffs failed to carry this burden and could not have recovered damages based on this code provision.

 In addition, as stated above, these provisions are penal in nature. *Standard Liquors, supra; Palmer, supra.* Assessment of penal damages against a governmental entity is prohibited, *State v. Denny* (1980), 273 Ind. 556, 406 N.E.2d 240, either as a matter of public policy, *Department of Natural Resources v. Evans* (1986), Ind. App., 493 N.E.2d 1295; *State v. Denny, supra; State v. Hicks* (1984), Ind.App., 465 N.E.2d 1146, *reh. denied; In re Wardship of Turrin* (1982), Ind.App., 436 N.E.2d 130, or as a matter of statutory law in the area of governmental tort immunity. IND. CODE § 34-4-16.5-4; *State, Dept. of Nat. Resources v. Taylor* (1981), Ind.App., 419 N.E.2d 817, *trans. denied; Gibson v. Gary Housing Authority* (7th Cir., 1985) 754 F.2d 205, *reh. denied, reh. en banc denied.* Also absent a specific statutory authority, the governmental entity may not have assessed against it costs and attorney's fees as such are punitive in nature. *State v. Wilbur* (1984), Ind.App., 471 N.E.2d 14, *reh. denied, trans. denied* (1985). Therefore, in this case where IND.CODE § 22-2-12-4 did not and IND.CODE § 22-2-5-1 and 22-2-5-2 would not apply, there is no authority for assessing these punitive costs and fees against the City.

Having found the assessment of damages, costs and attorney's fees against appellant to be in error, this cause is remanded for revision of the awards.

Affirmed in part, reversed in part and remanded.

STATON, P.J., and GARRARD, J., concur.