**STATE of Indiana and the Speedway Police Department, Appellants–Petitioners,**

v.

**Thomas PERSON, Appellee–Respondent.**

**No. 49A02–9711–CV–793.**

Court of Appeals of Indiana.

Sept. 25, 1998.

Jeffrey A. Modisett, Attorney General, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, for Appellants–Petitioners.

Bryan L. Cook, Indianapolis, for Appellee–Respondent.

## OPINION

STATON, Judge.

The State of Indiana and the Speedway Police Department ("the State") appeal an order requiring them to pay attorney's fees incurred by Thomas Person in a civil forfeiture proceeding. The dispositive issue presented is whether, following an unsuccessful civil forfeiture action, the trial court had the authority to assess attorney's fees against the State under Indiana's General Recovery Rule.

We reverse.

This case arose when, on October 30, 1996, Speedway Police Officer James Hornaday stopped Person for speeding. An examination of Person's driving record revealed that his license had been suspended, and Officer Hornaday arrested Person. While conducting a search incident to the arrest, the officer discovered that Person was carrying two pagers and $2,929.00 in United States currency. A second Speedway police officer testified that Person admitted he had obtained the money from a "pea-shake house," apparently a gambling establishment.

On December 31, 1996, the State filed a complaint seeking forfeiture of the $2,929.00.[1] At trial, Person explained he was carrying the cash from two payroll checks totaling approximately $1,300.00 and taking it "downtown" to settle a disagreement about a child support arrearage. Person did not explain the source of the other funds but testified his reported 1996 gross income was $12,689.85. The trial court ruled in favor of Person, stating:

> The evidence I heard from that police officer was that the defendant said he got the money in a pea-shake house. There's no testimony he got it gambling, stealing it,

selling drugs or any illegal activity. Being in a pea-shake house is not sufficient.

Record at 128. The court then ordered the $2,929.00 released to Person.

On June 30, 1997, Person filed his unverified Motion to Tax Attorney's Fees against the State pursuant to Indiana's General Recovery Rule which reads in part:

> In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if it finds that either party:
>
> > (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;
> >
> > (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or
> >
> > (3) litigated the action in bad faith.

IND.CODE § 34–1–32–1(b) (1993), recodified at IND.CODE § 34–52–1–1(b) (Supp.1998). Without entering findings, the trial court ordered the State to pay Person $1,000.00 for reasonable attorney fees. After its motion to reconsider was denied, the State initiated this appeal, claiming it is immune from payment of the attorney's fees.

The Indiana Supreme Court has considered the assessment of costs against the State of Indiana pursuant to Indiana Appellate Rule 15(G) due to "demonstrated bad faith." *State v. Denny,* 273 Ind. 556, 406 N.E.2d 240 (1980).[2] Holding the assessment impermissible, the *Denny* court quoted IND. CODE § 34–4–16.5–4 of the Indiana Tort Claims Act, which provided, "A governmental entity is not liable for punitive damages," and then reasoned, "[s]uch Act should be considered as a statement of public policy by the legislature that the State is not to be considered as being liable for punitive damages in cases such as this." *Id.* at 557, 406 N.E.2d at

---

1. Under the prevailing statute, a forfeiture proceeding must be brought "in the name of the state or the state and the unit that employed the law enforcement officers who made the seizure if the state was not the employer[.]" IND.CODE § 34–4–30.1–3(a)(1) (1993), recodified at IND.CODE § 34–24–1–3(a)(1) (Supp.1998).

2. App. R. 15(G) reads:
   If the court on appeal affirms the judgment, damages may be assessed in favor of the appellee not exceeding ten per cent (10%) upon the judgment, in money judgments, and in other cases in the discretion of the court; and the court shall remand such cause for execution.

241.[3] The court further rationalized, "The concept of the State not having a state of mind or not being deterred by punitive damages should be the basis for the prohibition of such punitive damages in all cases applicable to the State." *Id.*

*Denny* did not involve an award of attorney's fees *per se.* However, our court relied upon the policy advanced in that case to disallow awards of punitive attorney's fees when assessed against the State of Indiana and its agencies. *See, e.g., Indiana State Highway Comm'n v. Curtis,* 695 N.E.2d 143 (Ind.Ct.App.1998) (reversed assessment of attorney's fees against the State of Indiana and the Indiana State Highway Commission for the costs of bringing suit to enforce a settlement agreement), *trans. pending; State v. Carter,* 658 N.E.2d 618 (Ind.Ct.App.1995) (reversed assessment of mediation costs and attorney's fees against the State of Indiana for failing to mediate a personal injury claim in good faith); *State v. Hicks,* 465 N.E.2d 1146 (Ind.Ct.App.1984) (reversed award of attorney's fees and costs against the State of Indiana for its employees' "obdurate behavior"); *State v. Ziliak,* 464 N.E.2d 929 (Ind. Ct.App.1984) (reversed determination that State of Indiana was liable for treble damages, attorney's fees and costs under IND. CODE § 34–4–30–1, a statute enacted to provide civil remedies to crime victims), *reh. denied, trans. denied.*[4]

In a recent case, a nursing home characterized the Indiana Family and Social Services Administration's refusal to award Medicaid benefits while mandating the nursing home to provide care for a patient as unreasonable, groundless and in bad faith. *Family and Social Servs. Admin. v. Calvert,* 672 N.E.2d 488 (Ind.Ct.App.1996), *trans. denied.* The nursing home requested attorney's fees pursuant to Appellate Rule 15(G) and IND. CODE § 34–1–32–1, the same statute under which Person now seeks to recover fees. In refusing the nursing home's request, the court observed that trial courts award attorney's fees to punish alleged oppressive conduct and to prevent further misconduct; however, public policy dictates that the bad

faith exception is inapplicable against a State entity. *Id.* at 495. The court embraced the rationale that the State entity does not have a mind that can be deterred by an award of punitive damages and that the citizen taxpayers would bear the burden of such an award. *Id.*

Person urges that we deviate from this well-settled policy and permit the recovery of attorney's fees from the State in the unique context of an unsuccessful civil forfeiture proceeding. He argues that, because police departments raise millions of dollars each year in seized property, public funds need not be used to pay attorney's fees awarded to innocent citizens. Person further maintains that "[p]ublic policy mandates that citizens not be subjected to harassing and expensive litigation brought by police and prosecutors who are blinded by the 'gold fever' of prospective forfeiture."

The judiciary has acknowledged the broad new powers granted to law enforcement authorities under modern forfeiture statutes. *See United States v. Ursery,* 518 U.S. 267, 300, 116 S.Ct. 2135, 2153, 135 L.Ed.2d 549, 576 (1996) (Stevens, J., concurring in part and dissenting in part) ("In recent years, both Congress and the state legislatures have armed their law enforcement authorities with new powers to forfeit property that vastly exceed their traditional tools."); *see also Katner v. State,* 655 N.E.2d 345, 347 (Ind.1995) (under the current forfeiture statutes the State may seize "a broad range of personal assets and real property") (quoting *Caudill v. State,* 613 N.E.2d 433, 435 (Ind.Ct. App.1993)). The government's financial stake in these forfeiture proceedings is also evident. *See United States v. James Daniel Good Real Property,* 510 U.S. 43, 56 n. 2, 114 S.Ct. 492, 502 n. 2, 126 L.Ed.2d 490, 504–05 n. 2 (1993) (1990 memo from Attorney General urging United States Attorneys to increase the number of forfeitures in order to meet the Department of Justice's targeted annual budget); *Caudill v. State,* 613 N.E.2d 433, 436 (Ind.Ct.App.1993) (action for forfeiture is a "relatively quick procedure and broad in

---

**3.** The identical provision is presently codified at IND.CODE § 34–13–3–4 (Supp.1998).

**4.** The statute is presently codified at IND CODE § 34–24–3–1 (Supp.1998).

scope. It can also be highly profitable for the State.").[5]

■ We agree that "it makes sense to scrutinize governmental action more closely when the State stands to benefit." *Harmelin v. Michigan,* 501 U.S. 957, 979 n. 9, 111 S.Ct. 2680, 2693 n. 9, 115 L.Ed.2d 836, 854 n. 9 (1991) (Scalia, J., joined by Rehnquist, C.J.).[6] However, there are competing public policy considerations. Illegal activities support a sizable untaxed private industry. Forfeitures do compensate the Government, but are primarily designed "to confiscate property used in violation of the law, and to require disgorgement of the fruits of illegal conduct." *Ursery,* 518 U.S. at 284, 116 S.Ct. at 2145, 135 L.Ed.2d at 565; *see also Katner,* 655 N.E.2d at 347–48 (describing "broad remedial characteristics" of forfeiture actions). The General Assembly has balanced these competing interests when it enacted the forfeiture statutes but declined to include disincentives in the form of attorney fee assessments. Barring constitutional difficulties, that choice was within the purview of the legislature. *Shook Heavy and Envtl. Const. Group v. City of Kokomo,* 632 N.E.2d 355, 359 (Ind.1994). We are not persuaded that our well-established precedent immunizing these governmental entities from the assessment of punitive attorney's fees should be reversed when there is no specific statutory provision authorizing those fees.

■ Person next insists that, even if the State of Indiana and its agencies are not subject to sanctions, the Speedway Police Department should be liable for his attorney's fees. We reject Person's argument. The Speedway Police Department is part of the Town of Speedway, a governmental unit, and was necessarily named as a party in this action because the State of Indiana was not the employer of the officers making the seizure. *See supra* note 1. Adoption of Person's position would leave State law enforcement agencies immune but all other police departments susceptible to the assessment of punitive fees. The reasons that compel us to find the State of Indiana should not be required to pay punitive attorney's fees also apply to the Speedway Police Department. *See World Productions, Inc. v. Capital Improvement Bd. of Managers,* 514 N.E.2d 634 (Ind.Ct.App.1987) (board comprised of members appointed by executive of city and county board of commissioners was entitled to immunity from punitive damages), *reh. denied, trans. denied; In re Wardship of Turrin,* 436 N.E.2d 130 (Ind.Ct.App.1982) (attorney's fees under the bad faith exception could not be assessed against the Department of Public Welfare of Allen County). Precedent dictates that punitive attorney's fees should not be assessed against the Speedway Police Department absent a specific legislative determination allowing such. Accordingly, we vacate the award of attorney's fees against both the State of Indiana and the Speedway Police Department.

Reversed.

SHARPNACK, C.J., and GARRARD, J., concur.

---

5. In Indiana, not only does the sale of property seized defray some of the law enforcement expenses incurred, but the court may permit the law enforcement agency which seized the property to use the property for a period not to exceed three years. IND.CODE §§ 34–4–30.1–3 and –4 (1993), recodified at IND.CODE §§ 34–24–1–3 and –4 (Supp.1998).

6. The United States Supreme Court recently acknowledged that, for Eighth Amendment purposes, a modern statutory forfeiture is a "fine" if it constitutes punishment even in part. *United States v. Bajakajian,* —— U.S. ——, ——, 118 S.Ct. 2028, 2035 n. 6, 141 L.Ed.2d 314 (1998). The Court decided that a punitive forfeiture violates the Excessive Fines Clause of the Eighth Amendment if it is "grossly disproportional to the gravity of a defendant's offense." —— U.S. at ——, 118 S.Ct. at 2036. Applying that rule, the Court held that forfeiture of $357,144 where the defendant failed to report the transportation of more than $10,000 outside the United States in contravention of statute violated the Excessive Fines Clause. *Id.* at ——, 118 S.Ct. at 2041.