Charles A. SHORTER, Steven Riley, and Allen E. Killion, Appellants–Plaintiffs,

v.

The CITY OF SULLIVAN, Appellee–Defendant.

No. 77A01–9711–CV 379.

Court of Appeals of Indiana.

Nov. 17, 1998.

John D. Bodine, Sullivan, for Appellants–Plaintiffs.

Richard M. Bramer, Sullivan, for Appellee–Defendant.

## OPINION

MATTINGLY, Judge.

Charles A. Shorter, Steven R. Riley and Allen E. Killion (collectively referred to as "the appellants") appeal the trial court's judgment in favor of the City of Sullivan ("the City"). They contend the trial court made erroneous findings of fact and conclusions of law in denying their claim for accumulated sick leave.

We affirm.

## FACTS AND PROCEDURAL HISTORY

The appellants were employed as firemen with the City.[1] From the time the appellants were employed with the City until April 13, 1993, the City had in place a fire department personnel policy which provided in part as follows:

Sick Leave: Sick leave is time off work with pay due to the illness or injury of the employee. Sick leave is a privilege to assure the employee some continuity of compensation in times of illness or incapacity.

If an employee is absent from work more than three (3) days consecutively due to illness, a doctor's certification may be required. A supervisor can request such certification at any time if sick leave abuse is suspected.

Sick leave is to be used only for absence due to illness of the employee, non-job related injury, an illness in the immediate family of the employee requiring employee's assistance or attention or to avoid jeopardizing the health and welfare of other employees.

Sick leave will be accumulated at the rate of one (1) day per month not to exceed a total of sixty (60) days accumulative leave. This will be retroactive to date of employment of each individual officer. R. at 66.

In 1993, the City's Board of Public Works and Safety revised the fire department personnel policy. The relevant part reads:

A. Sick leave. Sick leave is time off work with pay due to the illness or injury of the employee, and/or illness or injury to the employee's immediate family which requires his/her attention or assistance. Sick leave will be accumulated at the rate of one (1) day per month not to exceed sixty (60) days accumulative leave. This section will be retroactive to date of employment of each individual officer.

*Id.* at 79.

The appellants all resigned from the City's fire department in 1995. At the time of their respective resignations, Shorter and Riley had each accrued 1,440 hours of sick leave at the rate of $6.79 per hour and Killion had accrued 1,440 hours of sick leave at the rate of $6.25 per hour. On September 1, 1995, each appellant filed a claim with the City seeking payment of accrued but unpaid sick leave. The City did not pay these claims.

On December 13, 1995, the appellants filed a Complaint seeking remuneration from the City. A bench trial was held July 25, 1997, after which the trial court issued its order denying the appellants' claims. In its order, the trial court noted:

Sick leave, while defined by statute as wages, may only be received under the policy of the City of Sullivan when ill, injured, or when immediate family is ill or injured.

Although sick leave is accumulated at one (1) day per month and up to sixty (60) days can be accumulated, it is payable only upon illness or injury as above described. One may accumulate it only for future illness or injury and you can receive it only if you are ill or injured or off work due to illness or injury.

1. Shorter and Riley had been employed with the City of Sullivan since approximately 1985. Killion began working with the City of Sullivan in 1989.

Therefore, since Plaintiffs terminated their employment and as such they can no longer satisfy the requirement of sick leave benefits, they forfeit the accumulated sick leave. There is no loss to them since they were paid for every day that they worked and every day they were off sick or injured. Vacation days are paid for idleness and to which an employee is entitled without regard to any other condition.

The Court therefore finds Plaintiffs should take nothing by way of their Complaint herein.

*Id.* at 30.

## DECISION AND DISCUSSION

 Where the trial court has made findings of fact and conclusions of law, we will consider only the evidence and reasonable inferences therefrom which support the judgment and will set aside the judgment only if it is shown to be clearly erroneous. *Die & Mold, Inc. v. Western,* 448 N.E.2d 44, 47–48 (Ind.Ct.App.1983).

Appellants contend the trial court made substantial errors in its finding that they were not entitled to accumulated sick pay. They argue that accumulated sick pay is actually deferred compensation to which an employee is entitled when that employee terminates employment. In support of this argument, the appellants rely on *Die & Mold* and *City of Hammond v. Conley,* 498 N.E.2d 48 (Ind.Ct.App.1986), both of which involved accumulated vacation benefits. In both instances, we held that employees are entitled to compensation for all accumulated vested vacation benefits at the time the employee terminates employment.

Appellants argue that sick leave benefits are analogous to vacation benefits. We disagree and are unwilling to extend the reasoning of *Die & Mold* and *Conley* to cases involving accumulated sick pay. There is an obvious difference between accumulated vacation pay and accumulated sick pay. Vacation time can be taken by an employee without any conditions after that benefit is earned. However, an employee may take sick leave only when that employee is ill or meets other conditions. Both of the City's policies are clear that sick leave is payable only when an employee must take time off work for specific reasons. While employees may accumulate sick leave days under the City's policies, they may only use those days for a limited purpose. An employee must be sick or other conditions must be present before an employee has a right to use sick leave. As such, sick leave is not a benefit which automatically vests when earned. Absent some personnel policy language to the contrary, employees are not entitled to compensation for sick leave which has been accumulated but not used when the employee terminates employment.

Affirmed.

STATON and FRIEDLANDER, JJ., concur.