# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**JAMES S. STEPHENSON**
**IAN L. STEWART**
Stephenson Morow & Semler
Indianapolis, Indiana

ATTORNEY FOR APPELLEES:

**LESLIE C. SHIVELY**
Shively & Associates, P.C.
Evansville, Indiana

FILED

Jul 25 2012, 8:25 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NORTH GIBSON SCHOOL CORPORATION, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 26A01-1111-PL-505 |
| | ) | |
| SHEA TRUELOCK, BRIAN DOUGLAS, | ) | |
| DOYIN BARRETT, TONY HENSLEY, | ) | |
| LACEE RICHARDSON, SUE ELLEN | ) | |
| BELOAT, MIKE BELOAT, JAMIE | ) | |
| SLINKER, KIM BLAIZE, LISA BURKETT, | ) | |
| PAT SCOTT, MIKE ICE, BRIAN TOLBERT, | ) | |
| | ) | |
| Appellees-Plaintiffs. | ) | |

APPEAL FROM THE GIBSON SUPERIOR COURT
The Honorable Earl G. Penrod, Judge
Cause No. 26D01-1106-PL 15

**July 25, 2012**

**OPINION - FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

North Gibson School Corporation (the "School Corporation") brings this interlocutory appeal of the trial court's denial of its motion to dismiss a lawsuit filed by thirteen individual bus drivers (collectively, the "Drivers"). The School Corporation raises two issues, which we restate and reorder as: whether unsuccessful bidders for a transportation services contract with a school corporation have a private right of action for collusion against that school corporation, and whether the Indiana Antitrust Act allows for recovery of compensatory damages from a school corporation. We conclude that the Drivers, as unsuccessful bidders, do not have a private right of action against the School Corporation, even if alleging collusion. We also conclude the School Corporation cannot be held liable for compensatory damages under the Indiana Antitrust Act. Therefore, we reverse and remand.

## Facts and Procedural History

In November 2010, the School Corporation distributed a notice requesting bids for bus transportation contracts for the years 2011 through 2015. Bus Corp., an Indianapolis-based entity, submitted bids for nineteen routes. The School Corporation awarded Bus Corp. with two contracts, and then separately scheduled "negotiation sessions" with individual bus drivers who were "seeking to renew or acquire a contact for their respective routes." Appendix of Appellants at 12 (Amended Complaint).

Thirteen of these individual bus drivers eventually filed suit against the School Corporation based upon the manner in which these "negotiation sessions" were carried out,

or that they occurred at all, and in their amended complaint they describe the sessions as follows:

> 5. . . . Present at each of these negotiation sessions was Bus Corp.'s owner Randy Arms.
> 6. During said negotiations, the [School Corporation] utilized a "reverse auction" bidding process which forced each plaintiff/driver to substantially reduce their bid.
> 7. Following the "reverse auction" negotiation process, the plaintiffs were presented with a contract at the reduced price resulting from the "reverse auction" and were told by the [School Corporation]'s representative that if the contracts at the stated daily rates were not executed on or before April 8, 2011 the [School Corporation] would award the contract to the next lowest bidder which was Bus Corp.
> 8. The two (2) routes awarded to Bus Corp. were for a daily rate substantially higher than those offered to the plaintiffs and were obtained by Bus Corp. without Bus Corp. having to participate in the "reverse auction" process.

Id.[1]

The Drivers allege the School Corporation 1) violated Indiana Code section 24-1-2-3, which provides: "A person who engages in any scheme, contract, or combination to restrain or restrict bidding for the letting of any contract for private or public work, or restricts free competition for the letting of any contract for private or public work, commits a Class A misdemeanor"; and 2) failed to comply with Indiana Code chapter 20-27-5 et seq., which concerns contracts between bus drivers and school corporations to transport students to and from public schools.

The School Corporation filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted, and the trial court held a hearing thereon. The

---

[1] It is unclear from the amended complaint whether each of the drivers ultimately signed a contract with the School Corporation.

School Corporation filed a Notice of Supplemental Authority, and shortly thereafter the trial court issued an order denying the School Corporation's Motion to Dismiss. The School Corporation filed its answer to the amended complaint and a motion to certify the order for interlocutory appeal. Following a hearing, the trial court certified its decision, and we subsequently granted the School Corporation's request to accept jurisdiction over this interlocutory appeal.

## Discussion and Decision

### I. Standard of Review

> A motion to dismiss under Rule 12(B)(6) tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief. Thus, while we do not test the sufficiency of the facts alleged with regards to their adequacy to provide recovery, we do test their sufficiency with regards to whether or not they have stated some factual scenario in which a legally actionable injury has occurred.

Trail v. Boys & Girls Clubs of Nw. Indiana, 845 N.E.2d 130, 134 (Ind. 2006) (citations and internal quotations omitted).

Under notice pleading rules, plaintiffs need only plead the operative facts involved in the litigation and are required to provide only a "clear and concise statement that will put the defendants on notice as to what has taken place and the theory that the plaintiffs plan to pursue in their attempt for recovery." Donahue v. St. Joseph Cnty., 720 N.E.2d 1236, 1239 (Ind. Ct. App. 1999) (quotations omitted).

"We do not defer to the trial court's decision because deciding a motion to dismiss based upon failure to state a claim involves a pure question of law." Carr v. Pearman, 860

4

N.E.2d 863, 868 (Ind. Ct. App. 2007), <u>trans. denied</u>. Thus, review of the trial court's denial of a motion to dismiss for failure to state a claim is de novo. <u>Id.</u>

## II. Private Right of Action Against a School Corporation

### A. Private Right of Action

An unsuccessful bidder for a government contract has a cause of action only when filing a "public lawsuit" as a taxpayer or citizen of the municipality in question, or where collusion or fraud led to an award of the contract. <u>Shook Heavy & Envtl. Constr. Grp., a Div. of Shook, Inc. v. City of Kokomo</u>, 632 N.E.2d 355, 359 (Ind. 1994); <u>Midwest Psychological Ctr., Inc. v. Indiana Dep't of Admin.</u>, 959 N.E.2d 896 (Ind. Ct. App. 2011) ("Generally, an unsuccessful bidder does not have standing to challenge the award of a government contract under the Public Purchasing Act.") (citations omitted), <u>trans. denied</u>. The Drivers concede they are not proceeding under the public lawsuit option, and they have not alleged fraud, which requires specific pleading by Trial Rule 9(B). <u>See</u> <u>Beckom v. Quigley</u>, 824 N.E.2d 420, 428 (Ind. Ct. App. 2005) ("Pursuant to Indiana Trial Rule 9(B), fraud must be pled with specificity, including the time, place, substance of the false representations, and an identification of what was procured by fraud. A complaint which does not satisfy these requirements fails to state a redressable claim.") (citation omitted).

The Drivers explicitly contend on appeal they are entitled to a private action due to collusion. Brief of Appellant North Gibson School Corporation at 5. This contention implies that the Drivers alleged collusion in their complaint. Under the broad notice pleading

standards, the following portions of the amended complaint do imply an allegation of

collusion:

> 5. Following the awarding of contracts to Bus Corp. the defendant scheduled a series of separate negotiation sessions with each plaintiff/driver . . . . Present at each of these negotiation sessions was Bus Corp.'s owner . . . .
> ***
> 7. Following the "reverse auction" negotiation process, the plaintiffs were presented with a contract at the reduced price resulting from the "reverse auction" and were told by the defendant's representative that if the contracts at the stated daily rates were not executed on or before April 8, 2011 the defendant would award the contract to the next lowest bidder which was Bus Corp.
> 8. The two (2) routes awarded to Bus Corp. were for a daily rate substantially higher than those afforded to the plaintiffs and were obtained by Bus Corp. without Bus Corp. having to participate in the "reverse auction" process.

Appellant's App. at 12.

## B. Proper Defendant

Although the Drivers, in alleging collusion, do have a private right of action, we now

turn to whom the law permits them to bring such a cause of action against. More to the point,

can the School Corporation be sued?

In Count I of the Drivers' amended complaint, they allege the School Corporation

violated section 3 of the Indiana Antitrust Act and seek relief under section 7,[2] which states:

> (a) Any person whose business or property is injured by a violation of this chapter may bring an action in the circuit or superior court of any county in which the defendant resides or is found without respect to the amount in controversy, and is entitled to recover a penalty of threefold the damages

---

[2] The Drivers' amended complaint states:
11. The conduct of the defendant constitutes a violation of I.C. §24-1-2-3 entitling the plaintiffs to relief pursuant to I.C. §24-1-2-7.
WHEREFORE, the plaintiffs pray for damages and any and all relief provided for by I.C. §24-1-2-7; and all other appropriate relief in the premises.
Appellant's App. at 13.

awarded in the action, together with the costs of suit, including reasonable attorney's fees.
\*\*\*

Ind. Code § 24-1-2-7.

This case is similar to <u>Brownsburg Cmty. Sch. Corp. v. Natare Corp.</u>, 824 N.E.2d 336 (Ind. 2005), <u>reh'g denied</u>, in which an unsuccessful bidder alleged a school corporation violated section 3 of the Indiana Antitrust Act and the unsuccessful bidder was entitled to relief under section 7. The court opined that the legislature "did not contemplate a governmental entity as a potential violator" of the Antitrust Act's substantive provisions, sections 1, 2, and 3. <u>Id.</u> at 341. The court noted with approval a case by our court in which we concluded that governmental entities could not be responsible for criminal acts. <u>Id.</u> (discussing <u>State v. Ziliak</u>, 464 N.E.2d 929 (Ind. Ct. App. 1984)). In <u>Brownsburg</u>, the supreme court concluded "neither the State nor any other governmental entity is subject to criminal provisions of the Indiana statutes without the legislation making that result absolutely clear." <u>Id.</u> After demonstrating this approach is consistent with the laws of the federal government and other states, the court expressly gave its stamp of approval of <u>Ziliak</u> and stated the "legislature did not contemplate a violation of a criminal prohibition by a governmental entity." <u>Id.</u> at 342-43; <u>see</u> id. at 347 (stating federal antitrust laws "point in the direction of nonliability").[3]

The supreme court further stated:

_____

[3] The court did note that the availability of an injunctive remedy is another question, which is not relevant to the rest of its discussion or the case now before us. <u>See</u> <u>id.</u> at 343 n.7.

7

> The substantive prohibitions of the antitrust laws are criminal in nature. Accordingly, we think the legislation did not contemplate the possibility of a governmental entity engaging in an action forbidden by the statute. Rather, as Section 4 reflects, the statute views governmental entities as victims, not perpetrators, and explicitly relieves them of liability from a contract that was the result of collusive bidding.

Id. at 344.

The court added that the only issue in determining whether a municipal or local government may be liable under antitrust laws is "the intention of the state legislature to impose or withhold liability," and "[f]or the reasons already given, we do not read our statute to provide liability of governmental agencies." Id. at 348; see City of Fort Wayne v. Pierce Mfg., Inc., 853 N.E.2d 508 (Ind. Ct. App. 2006) ("[I]t is just as important to recognize what the statute does not say as it is to recognize what it does say.") (quotation omitted), trans. denied. As a result, the court reversed the order of the trial court and remanded with instructions to grant the school corporation's motion for judgment on the pleadings.

We read Brownsburg to mean that governmental entities cannot be liable for actions prohibited by the Indiana Antitrust Act, and thus the Drivers cannot bring this suit against the School Corporation. See Naugle v. Beech Grove City Schs., 864 N.E.2d 1058, 1064 (Ind. 2007) (reiterating the holding of Brownsburg, that school corporations cannot be liable under the Antitrust Act because it is criminal in nature, but stating that school corporations could be liable under the Wage Payment Statute, which is not criminal in nature). Rather, the Antitrust Act provides a cause of action for unsuccessful bidders against other bidders.

For instance, in contrast with the Drivers' suit here, in Gariup Constr. Co., Inc. v. Carras-Szany-Kuhn & Assoc., P.C., 945 N.E.2d 227 (Ind. Ct. App. 2011), trans. denied, an

8

unsuccessful bidder brought suit against the successful bidder and did not join the contract-awarding governmental entity as a defendant. Thus, <u>Gariup</u> demonstrates a suit by the Drivers against Bus Corp. might have been a better strategy. <u>See</u> <u>Thompson v. Vigo Cnty. Bd. of Comm'rs</u>, 876 N.E.2d 1150 (Ind. Ct. App. 2007) (wherein an unsuccessful bidder's suit against the successful bidder would have been allowed to proceed if the unsuccessful bidder could have established he would have been the successful bidder), <u>trans. denied</u>; <u>see also</u> Ind. Code § 24-1-2-4 (stating that where collusion or fraud occurs among bidders, the principal who lets the contract shall not be liable); <u>Trans-Care, Inc. v. Bd. of Comm'rs of Cnty. of Vermillion</u>, 831 N.E.2d 1255, 1262 (Ind. Ct. App. 2005) (holding that no cause of action exists where one lacks standing to sue under the Public Lawsuit Act and fails to allege or present evidence of a violation of the Indiana Antitrust Act).

## C. Remedy

In response to the School Corporation's reliance on <u>Brownsburg</u>, the Drivers argue that <u>Brownsburg</u> "only prohibits claims for treble damages against governmental entities under Indiana's Antitrust Act and does not prohibit claims under the act for compensatory damages . . . ." Appellees' Brief at 4. This is in spite of their complaint stating they seek the remedy provided by section 7 of the Indiana Antitrust Act, which provides for "threefold the damages awarded in the action, together with the costs of suit, including reasonable attorney's fees." Ind. Code § 24-1-2-7.

Above we concluded in favor of the School Corporation, that it could not be a defendant in the Drivers' action. Here we note that, even if the Drivers were correct and the

9

School Corporation could be a defendant, the Drivers would have no remedy, and thus, the Drivers' claims fail anyway. The Drivers concede that Brownsburg prohibits treble damages as a remedy, and although they do not indicate what remedies they might be entitled to, we presume they are seeking compensatory damages.[4]

We conclude that Brownsburg is also determinative of whether compensatory damages are available. As quoted above, the Brownsburg court stated that the only issue in determining whether a municipal or local government may be liable under antitrust laws is "the intention of the state legislature to impose or withhold liability," and "[f]or the reasons already given, we do not read our statute to provide liability of governmental agencies." Id. at 348. The court reversed the order of the trial court and remanded with instructions to grant the school corporation's motion for judgment on the pleadings.

The court's statements and instructions to grant the school corporation's motion for judgment on the pleadings, rather than to limit damages, means that the Drivers cannot bring this suit against the School Corporation – not for treble damages, not for costs of the suit or attorney fees, and not for compensatory damages. In Skyline Roofing & Sheet Metal Co., Inc. v. Ziolkowski Constr. Inc., 957 N.E.2d 176 (Ind. Ct. App. 2011), we commented that a party "correctly abandon[ed] its argument . . . [because, the party noted,] a governmental entity cannot be liable for damages under Section 7" of the Antitrust Act. Id. at 189

---

[4] As to Count I, the Drivers' amended complaint states: WHEREFORE, the [Drivers] pray for damages and any and all relief provided for by I.C. §24-1-2-7; and all other appropriate relief in the premises. App. of Appellants at 13. As to Count II, the Drivers' pray for "all proper relief resulting [from the School Corporation's failure to comply with Indiana Code chapter 20-7-5] including the rebidding and/or renegotiation of all contracts . . .; and all other relief in the premises."

(emphasis added).  The inability to be held liable includes the inability to be held liable for compensatory damages.

Consistent with the conclusions of <u>Skyline Roofing</u> and <u>Brownsburg</u>, we conclude here that the Drivers have no remedy against the School Corporation.  Therefore, the trial court's order denying the School Corporation's motion to dismiss must be reversed.[5]

<u>Conclusion</u>

The Drivers technically could bring a claim for collusion based on the facts alleged in their complaint, but cannot do so against the School Corporation because the School Corporation is an improper defendant and because the Drivers could not recover any damages from the School Corporation.  Therefore, we reverse the trial court's order denying the School Corporation's motion to dismiss and remand with instructions to enter an order consistent with this opinion.

Reversed and remanded.

BAILEY, J., and MATHIAS, J., concur.

---

[5] Following the supreme court's opinion in <u>Brownsburg</u>, the trial court apparently entered an order which stated in part that the supreme court "did <u>not</u> rule that actual damages were prohibited and thus, this case proceeds against [the School Corporation] as to actual damages only."  Appellant's App. at 40 (order of the Indiana Supreme Court) (quotation omitted) (emphasis and alteration in original).  The supreme court then issued an order, stating: the "Indiana Antitrust Act <u>does not create a cause of action</u> against a municipal corporation, and therefore, the School Corporation cannot be held liable <u>for any damages</u> under the Act," treble or actual.  <u>Id.</u> (emphasis added).  The Drivers contend that this order has no precedential value and therefore cannot be relied upon here.

11