**Henry BANKS, Jr., Appellant–Plaintiff,**

v.

**Dick BROWN, Assistant Superintendent, C. Kinnaman, Commissary Supervisor, Sheryl Keyes, Counselor, Janice Snider, Counselor, and Craig Hanks, Superintendent, Wabash Valley Correctional Facility,[1] Appellees–Defendants.**

No. 77A04–0701–CV–48.

Court of Appeals of Indiana.

Oct. 29, 2007.

John Laramore, Matthew T. Albaugh, Baker & Daniels LLP, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Anita Wylie, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

### OPINION

MAY, Judge.

Henry Banks, Jr. appeals the judgment of the small claims court, arguing he is entitled to reimbursement from the State for his costs. We affirm.

### FACTS AND PROCEDURAL HISTORY

Banks was incarcerated at the Wabash Valley Correctional Facility. On January

---

1. The State has filed a brief on behalf of the named defendants in this case. Pursuant to Indiana Appellate Rule 17(A), however, a party of record in the trial court is a party on appeal.

8, 2004, he received a delivery of items he had ordered from the commissary. Banks noticed his order was missing a book of stamps, which cost $3.70. He brought this to Counselor Keyes' attention, and she told him the commissary staff was responsible for resolving the problem. Banks then filed a grievance, but it was denied.

Banks filed a notice of tort claim and initiated an action in small claims court. Thereafter, the State offered to recredit his account or give him the stamps and some other items he had not received on a different occasion. Banks refused this offer, demanding he be reimbursed for his costs and be transferred to a different facility. The small claims court awarded Banks $3.70, but did not award him costs.

### DISCUSSION AND DECISION

■ Banks' claim listed as defendants five employees of the Wabash Valley Correctional Facility. He listed each defendant's title and provided addresses at the correctional facility. We interpret this language as a suit against the employees in their official capacities, *see Pedraza v. City of East Chicago*, 746 N.E.2d 94, 100 (Ind.Ct.App.2001), which is a suit against the State, *see Niksich v. Cotton*, 810 N.E.2d 1003, 1007 (Ind.2004), *cert. denied* 543 U.S. 1126, 125 S.Ct. 1073, 160 L.Ed.2d 1077 (2005).

Banks asserts Ind. Small Claims Rule 11(B) required the small claims court to award him costs. This is a question of law, which we review *de novo*. *St. Mary's Medical Ctr. v. McCarthy*, 829 N.E.2d 1068, 1072 (Ind.Ct.App.2005), *reh'g denied*. S.C.R. 11(B) states, "The party recovering judgment *shall* also recover costs regardless of the amount." (emphasis supplied). Banks argues the word "shall" means an award of costs was mandatory because he recovered judgment, even though the Trial

Rules limit assessment of costs against the State.

■ We need not address whether S.C.R. 11(B) trumps contrary provisions in the Trial Rules, as costs may not be assessed against the State absent specific statutory authority. *State v. Wilbur*, 471 N.E.2d 14, 17 (Ind.Ct.App.1984). Contrary to Banks' contention, the cases establishing this rule have nothing to do with the application of the Trial Rules, but are grounded in public policy. *See State v. Mileff*, 520 N.E.2d 123, 128–29 (Ind.Ct. App.1988) ("It is well settled the State and its agencies are not liable for ordinary court costs, as a matter of public policy."). Banks has not cited specific statutory authority exempting him from the general rule.

Costs are punitive in nature. *City of Hammond v. Conley*, 498 N.E.2d 48, 53 (Ind.Ct.App.1986). Banks' claim was brought pursuant to the Indiana Tort Claims Act, which prohibits awards of punitive damages against the State: "A governmental entity or an employee of a governmental entity acting within the scope of employment is not liable for punitive damages." Ind.Code § 34–13–3–4(b). Accordingly, Ind.Code § 34–13–3–4(b) prohibits the assessment of costs against the State. For these reasons, the court's order denying Banks' request for costs is affirmed.

Affirmed.

DARDEN, J., and CRONE, J., concur.