**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 27 2012, 8:50 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**DENNIS MIKEL**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELIZABETH ROGERS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DENNIS MIKEL, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 52A02-1205-SC-428 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MIAMI SUPERIOR COURT
The Honorable J. David Grund, Judge
Cause No. 52D01-1105-SC-512

**November 27, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Dennis Mikel appeals the small claims court's damage award in his action against the Miami Correctional Facility ("the Facility") and Mark Sevier, Superintendent of the Facility, (collectively, "the Defendants"). We affirm.

**Issues**

Mikel raises three issues, which we restate as:

    I.        whether the small claims court erred when it awarded him damages in the amount of $50 for the loss of his TV;

    II.       whether the small claims court erred when it failed to award him damages for other destroyed personal property; and

    III.     whether the small claims court erred by failing to award costs.

**Facts**

The relevant facts were stated in the first appeal of this matter.

> On April 7, 2010, during a "shake down" at the Facility, corrections officers entered Mikel's cell and confiscated a number of items, including books, magazines, a radio, some medications, and a TV. The reason given for the confiscation was that the number of items Mikel possessed exceeded the maximum allowed and also that the TV and radio had been altered in violation of Facility rules. According to Department of Correction ("DOC") rules, property confiscated from an inmate must be disposed of in one of four ways, at the inmate's discretion: it may be given to a charity, retained for use by the DOC at the DOC's discretion, mailed to an outside party, or destroyed. Additionally, an inmate may wish to file a grievance regarding the confiscated property. If an inmate does not choose a disposition for the property and if the inmate does not indicate that he or she wishes to file a grievance, "the

2

prohibited item(s) will be destroyed 60 days from the date of the withholding of the item(s)." Appellant's App. p. 18. On the date his property was confiscated, Mikel filled out a DOC form indicating that he intended to file a grievance. Mikel did not indicate how he would want the property to be disposed of.

On May 3, 2010, Mikel filed a grievance with the Facility regarding the confiscation of his property. This first grievance was not reviewed because Mikel allegedly had failed to try to resolve his concerns informally. After meeting this requirement, Mikel filed a second grievance on May 24, 2010. On June 3, 2010, a Facility employee, Clair Barnes, responded to Mikel, "Your TV will be returned to you, and the medication will be returned back to the medical department." Id. at 25. Barnes denied Mikel's grievance with respect to the rest of his property.

On June 16, 2010, Mikel wrote a letter indicating that he wished to appeal the denial of his grievance. In a letter dated June 18, 2010, Barnes wrote to Mikel, stating in part:

> Your television initially appeared that it could be returned to you. After further review by the Property Officer, it was determined that your TV is altered. It will not be returned to you. I apologize for the misinformation I gave you in the grievance response. You must select a disposition for the television within sixty days from the date of confiscation, or the property will be destroyed. . . . I have scanned this letter into the grievance. An appeal form was sent to you on June 10, 2010. You may address your television in your appeal, if you choose to submit it.

Id. at 59. Also on June 18, 2010, Mikel formally filed an appeal of the denial of his grievance. The appeal does not mention the TV; it is unclear from the record whether Mikel received Barnes's letter regarding the TV before or after he filed his appeal.

On July 22, 2010, another Facility official denied Mikel's grievance appeal in a written document. The document contains the original language from the June 3, 2010 response to Mikel's grievance, including the language

3

that "[y]our TV will be returned to you," and then states that the reviewing official concurred with that determination. Id. at 28.

As the next level of administrative review of Mikel's grievance, he filed a complaint with the DOC's Ombudsman Bureau. While that complaint was under consideration, on August 2, 2010, a Facility employee sent Mikel a letter informing him that he still had confiscated property in storage, that the sixty-day time limit for directing disposition of the property had passed, that Mikel had "either failed to file a grievance or you have exhausted your grievance remedies," and that he now had five days to decide how he wanted to dispose of the property. Id. at 29. Mikel did not give any directions on how he wanted his property disposed of, nor did the letter specify what property was being held subject to disposal. On August 13, 2010, the director of the Ombudsman Bureau wrote to Mikel that "[t]he grievance response you received in reference to this matter properly addresses the issue. You were told your TV will be returned to you. . . . Accordingly, I find no violation of DOC policy or procedure in regard to this matter." Id. at 30.

On August 25, 2010, the Facility's property officer destroyed all of Mikel's confiscated property, including the TV. Mikel then timely filed a notice of tort claim for the loss of his property with the Attorney General's office. On January 10, 2011, the Attorney General's office informed Mikel that it saw no basis for his tort claim and would not offer a settlement to him.

On May 9, 2011, Mikel filed a complaint against the Defendants in the small claims docket of the Miami Superior Court, seeking damages of $1500. Before actually filing the action, Mikel had requested that the trial court appoint counsel to represent him. The trial court denied this request and also ordered that Mikel's case be decided by affidavit. After documentary evidentiary submissions by Mikel and the Facility, the trial court entered judgment in favor of the Facility on October 7, 2011. . . .

Mikel v. State, No. 52A04-1111-SC-598, slip op. pp. 2-5 (Ind. Ct. App. Apr. 18, 2012)

(footnotes omitted).

4

On appeal, Mikel argued, in part, that the small claims court erred by denying his claim regarding his TV. We concluded that Mikel "established that he is entitled to compensation for the destruction of his TV." Id. at 12. We remanded to the small claims court for a determination of Mikel's damages.

On remand, the small claims court considered the previously submitted evidence and found that the TV in question was at least thirteen years old, had a damaged rear case that was melted due to an unknown heat source, and displayed only a two to four inch picture in the center of the display. The small claims court found that Mikel "failed to present any evidence regarding the value of his lost TV." Appellant's App. p. 9. The small claims court concluded that the value of the TV was $50 and entered judgment in favor of Mikel in that amount. Mikel now appeals.

**Analysis**

Judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). Under Indiana Trial Rule 52(A), the clearly erroneous standard applies to appellate review of facts determined in a bench trial with due regard given to the opportunity of the small claims court to assess witness credibility. Trinity Homes, LLC v. Fang, 848 N.E.2d 1065, 1067 (Ind. 2006). This "deferential standard of review is particularly important in small claims actions, where trials are 'informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law.'" Id. at 1067-68 (quoting City of Dunkirk Water & Sewage Dep't v. Hall, 657 N.E.2d 115, 116 (Ind. 1995)). Where a small claims case turns solely on documentary evidence, we review the judgment de

5

novo, just as we review summary judgment rulings and other "paper records." Id. at 1068.

## I. Value of the TV

Mikel seems to argue that the small claims court should have awarded damages for the replacement cost of his TV.[1] The burden of proving the value of goods destroyed by another is upon the plaintiff. Campins v. Capels, 461 N.E.2d 712, 719 (Ind. Ct. App. 1984). "The measure of damages for the destruction of personal property is the fair market value at the time of loss." Lachenman v. Stice, 838 N.E.2d 451, 466 (Ind. Ct. App. 2005), trans. denied. The fair market value is "the price a willing seller will accept from a willing buyer." Campins, 461 N.E.2d at 719.

Mikel presented evidence only as to the replacement value, not the fair market value of a thirteen-year-old, damaged, and poorly functioning TV. The small claims court took into account the age and condition of the TV and determined that its value was $50. We conclude that this assessment and award were not clearly erroneous.[2]

## II. Other Missing Items

Next, Mikel argues that the small claims court failed to assess the value of his other personal property, including his books, magazines, and radio. In his first appeal,

---

[1] Mikel also seems to argue that the serial number of his TV was incorrect on one or more of the State's forms and that the small claims court was "bamboozled" by the "deceptive documentation." Appellant's Br. p. 6. However, Mikel does not dispute that his TV was thirteen years old and does not explain how the discrepancy in the serial numbers affects his damages.

[2] Mikel also asserts that his mother gave him the TV and that it has sentimental value. However, Mikel presented no evidence that his mother gave him the TV, and in fact, in his Offender Grievance, he stated that he bought the TV at "W.V.C.F and have had it (13) years . . . ." Appellant's App. p. 15.

Mikel focused only on the destruction of his TV, and we did not address the destruction of his books, magazines, and radio. See Mikel, No. 52A04-1111-SC-598, slip op. p. 9. We concluded Mikel established that he was entitled to compensation for the destruction of his TV. Consequently, on remand, the small claims court's only task was to determine Mikel's damages for the destruction of his TV, not his remaining personal property. Mikel waived damages for his remaining personal property when he failed to make an argument regarding those damages in his first appeal. See Montgomery v. Trisler, 771 N.E.2d 1234, 1239 (Ind. Ct. App. 2002) ("[A]n issue ripe for review, but not raised in the first appeal, will be considered as finally determined and will be deemed affirmed.").

### III. Costs

Mikel also argues that the small claims court should have awarded him costs, including his expenses for copying and mailing. Mikel relies on Indiana Small Claims Court Rule 11(B), which provides: "The party recovering judgment shall also recover costs regardless of the amount." We addressed a similar argument in Banks v. Brown, 876 N.E.2d 335, 336 (Ind. Ct. App. 2007). There, we noted that "costs may not be assessed against the State absent specific statutory authority." Banks, 876 N.E.2d at 335. Mikel has not cited specific statutory authority exempting him from the general rule. Accordingly, Mikel was not entitled to an award of costs.

### Conclusion

The small claims court properly awarded Mikel damages for his TV. Mikel was not entitled to damages for his remaining personal property or for costs. We affirm.

Affirmed.

VAIDIK, J., and MATHIAS, J., concur.